A93A1102. GIVENS v. THE STATE.
A93A1186. BARFIELD v. THE STATE.
(454 SE2d 141)

BLACKBURN, Judge.

In *Givens v. State*, 211 Ga. App. 290 (439 SE2d 22) (1993), we affirmed the convictions of Carroll Givens and Arthur Barfield for criminal attempt to possess cocaine. The Supreme Court granted certiorari and reversed our decision in *Givens v. State*, 264 Ga. 522 (448 SE2d 687) (1994).

As the testimony of two eyewitnesses supported the convictions, we determined that the trial court's failure to allow each of the defendants the opportunity to open and conclude closing argument to the jury was harmless. However, the Supreme Court determined that the trial court's denial of opening and concluding closing argument to the jury, for each of the defendants' separate counsel, was harmful error requiring reversal of the convictions.

The Supreme Court acknowledges that the evidence showed that the defendants approached the officers with money in hand, sought to purchase cocaine, received and examined a bag of cocaine and returned it to the officers. Since the sale was not consummated, the Supreme Court finds that the jury could seriously consider the defense of abandonment and therefore the refusal to allow both defendants

opening and closing argument was not harmless.

The defendants were charged with criminal attempt to *possess* cocaine, not criminal attempt to *purchase* cocaine. The only thing that was not consummated, was the *sale*; the *possession* (the basis of the indictment) was completed when the defendants accepted and took possession of the cocaine. The crime was completed upon the *possession* of the cocaine by the defendants, and you cannot abandon a completed crime. This is a criminal case, not a sale governed by the Uniform Commercial Code with a right of inspection and rejection by the purchaser under OCGA §§ 11-2-512 and 11-2-513 (1).

The law provides that the Supreme Court is the final authority, whatever its holding, and accordingly our judgment in this case is vacated and the judgment of the Supreme Court is made the judgment of this court.

*Judgment reversed. Pope, P. J., and Birdsong, P. J., concur. McMurray, P. J., and Smith, J., concur specially. Beasley, C. J., Andrews, Johnson and Ruffin, JJ., concur in the judgment only.*

McMURRAY, Presiding Judge, concurring specially.

While I agree this case must be reversed, as directed by the Supreme Court of Georgia in *Givens v. State*, 264 Ga. 522 (448 SE2d 687), I cannot agree with the statements of the majority in its second, third and fourth paragraphs.

I am authorized to state that Judge Smith joins in this special concurrence.

DECIDED JANUARY 11, 1995 —
RECONSIDERATION DENIED JANUARY 31, 1995.

*Dorough & Sizemore, Kermit S. Dorough, Jr.,* for appellants.
*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney,* for appellee.