A95A0382. FLANAGAN v. RIVERSIDE MILITARY ACADEMY et al.
A95A0384. FLANAGAN et al. v. SLAUGHTER.
(460 SE2d 824)

POPE, Presiding Judge.

Plaintiffs Richard and Susan Flanagan are the surviving parents and executors of the estate of Brian Flanagan. After their son died, they filed two multi-count complaints. In the first of these complaints they named as defendants: Riverside Military Academy; three of its administrators (William Maginnis, Jack Hall and Walter Krasnansky); two of its faculty members (Richard Kerr and Russell Gray); and three of its students (Jason Pullo, Thomas O'Connell and Nathan Wood). In the second complaint plaintiffs named another Riverside student (Robert Slaughter) as a defendant. With the exception of O'Connell, each of the above defendants moved for summary judgment. On appeal, plaintiffs contend that the trial court erroneously granted partial summary judgment to defendants Riverside, Kerr, Gray, Pullo, Wood and Slaughter regarding plaintiffs' allegations that

these defendants were liable to plaintiffs for the wrongful death of their son and for funeral expenses.[1] We agree and reverse.

Construing the evidence in a light most favorable to plaintiffs, the facts of this case are as follows: Brian Flanagan was a cadet student at Riverside. On or about May 6, 1991, he became involved in an altercation with several other students over an earlier incident in which he had struck another cadet with a cane. These students, who were known as "cadet officers," included defendants Pullo, O'Connell, Wood and Slaughter. According to plaintiffs, Riverside had given the cadet officers the authority to act as its agents in administering Riverside's disciplinary system. Immediately before the altercation, Brian had inhaled Scotchgard. His body was therefore in an excited state and more susceptible to injury, and there is evidence that the cadet officers were aware of this fact.

During the altercation, the cadet officers physically restrained Brian and struck him with a cane and their fists. One of them also threw Brian to the floor, at which point the altercation continued verbally. According to plaintiffs, defendant Kerr entered the room during the incident, yet failed to act, thereby allowing the cadet officers to continue to intimidate and harass Brian. When Brian started having seizures and stopped breathing, defendant Gray was notified. According to at least one witness, however, Gray treated the situation as a joke and left the room without doing anything. Although attempts were later made to resuscitate Brian, they were unsuccessful, and Brian died.

After all the defendants had filed answers denying their liability, Riverside filed a motion for summary judgment on its own behalf and on behalf of Kerr and Gray. Thereafter, Pullo, Wood and Slaughter filed their own individual motions for summary judgment. In two separate orders dated August 24, 1994, the trial court granted partial summary judgment to each of the above defendants, concluding, based on the affidavit and deposition testimony of plaintiffs' expert witness (Dr. Joseph Burton), that the sole proximate cause of Brian's death was his own voluntary inhalation of Scotchgard. Plaintiffs' appeal of the trial court's order granting partial summary judgment to defendants Riverside, Kerr, Gray, Pullo and Wood was docketed in this court as Case No. A95A0382. Plaintiffs' appeal of the order granting partial summary judgment to Slaughter was docketed as Case No. A95A0384. Both cases are discussed below as one.

As a general rule, causation is a jury question, and it should not be determined by a trial court as a matter of law except in plain and

---

[1] This appeal does not address plaintiffs' allegations against defendants Maginnis, Hall and Krasnansky.

undisputed cases. See *McAuley v. Wills*, 251 Ga. 3, 7 (303 SE2d 258) (1983); *Callaway v. Pickard*, 68 Ga. App. 637, 641 (23 SE2d 564) (1942). Upon review of the record, we hold that this is not such a case because issues of material fact remain with regard to whether the cadet officers' allegedly authorized, intentional altercation with Brian, and Kerr and Gray's alleged negligent failure to intervene and render immediate assistance to Brian, were contributing proximate causes of his death.

Although Dr. Burton stated during deposition that Brian's inhalation of Scotchgard was the "primary mechanism" and "dominant cause" of his death, Burton's use of these terms is not dispositive in this case. "No inflexible rule of law can be laid down for determining what would be the proximate cause of an injury. The question must be solved by the facts of each particular case." (Citation and punctuation omitted.) *Griner v. Groover*, 97 Ga. App. 753, 756 (104 SE2d 504) (1958). Here, the trial court erred in trying to create a sole legal cause of death when the medical evidence demonstrated joint causes of death. As the trial court noted it is clear from Dr. Burton's deposition and affidavit testimony that there were at least two causes of Brian's death — the inhalation of Scotchgard *and* the physical and psychological trauma resulting from the altercation. Moreover, Burton specifically testified that deaths caused by solvent abuse almost always occur during actual inhalation or ingestion of the solvent, while deaths occurring after actual ingestion are often caused by a separate, distinct trauma, such as that which Brian suffered. Therefore, a jury could find that the altercation and Brian's inhalation of Scotchgard combined as joint proximate causes of his death.

We also note that Burton concluded in his affidavit, "within a reasonable degree of medical certainty, that the physical and psychological trauma suffered by Brian Flanagan was the 'precipitating cause' of his seizure and ultimate death." Burton later defined "precipitating cause" as meaning the "trigger mechanism" of Brian's death. As such, we cannot conclude as a matter of law that the altercation was not the proximate or efficient cause (i.e. the one that necessarily set the other causes in operation) of Brian's death. See *Standard Oil Co. v. Harris*, 120 Ga. App. 768, 771 (172 SE2d 344) (1969). We also cannot conclude as a matter of law that Gray and Kerr's failure to immediately intervene and render aid to Brian was not a contributing proximate cause of death. This is especially true in light of Burton's testimony that the failure to immediately render CPR and first aid to Brian was a "major contributing factor" to his death. Additionally, we reject the trial court's assertion that the altercation and Kerr and Gray's alleged failure to render aid were simply too remote to be considered proximate causes in this case.

Furthermore, we reject defendants' contention that Burton's affi-

davit and deposition testimony are contradictory, and therefore must be construed against plaintiffs in accordance with the contradictory testimony rule. Under that rule, "a *party's* self-conflicting testimony is to be construed against him." (Citation and punctuation omitted; emphasis supplied.) *Stone v. Dayton Hudson Corp.*, 193 Ga. App. 752, 755 (388 SE2d 909) (1989). Clearly, Burton is not a party in this case.

We also find no merit in defendants' argument that the trial court properly determined that partial summary judgment was appropriate because Brian's own negligence in inhaling the Scotchgard exceeded that of defendants. The claims against Riverside, Pullo, Wood and Slaughter are premised on intentional torts rather than negligence. The principle of comparative negligence cannot be applied to bar a claim premised on an intentional tort. See *Terrell v. Hester*, 182 Ga. App. 160 (355 SE2d 97) (1987). Neither can the principle of contributory negligence. See *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 111 (2) (387 SE2d 144) (1989). Consequently, it was error for the trial court to apply these principles in deciding whether to grant partial summary judgment to Riverside, Pullo, Wood and Slaughter. Although the above principles may be used as a defense to claims of negligence, such as those plaintiffs assert against Kerr and Gray based on their alleged failure to intervene and immediately render aid to Brian, we conclude that any application of the above principles to these claims is better left to a jury under the facts of this case.

*Judgments reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JULY 13, 1995 —
RECONSIDERATION DENIED JULY 26, 1995 — 

*Parker, Terry & Center, J. Steven Parker, Charles R. Center, Walter B. Russell, Jr., Edward G. Sheppard, Jr.*, for Flanagan.

*Bentley, Karesh & Seacrest, Karsten Bicknese, Robin Y. DePetrillo, Forrester & Brim, James E. Brim III*, for Riverside Military Academy.

*Long, Weinberg, Ansley & Wheeler, J. Calhoun Harris, Jr., Lance D. Lourie*, for Slaughter.