A96A1889. THOGERSON v. THE STATE.
(479 SE2d 463)

SMITH, Judge.

Larry Alan Thogerson was indicted by a Cobb County grand jury on one count of criminal attempt to commit the crime of theft by taking. OCGA §§ 16-8-2; 16-4-1. A jury found him guilty, his motion for new trial was denied, and he appeals.

Construed to support the verdict, the evidence showed that Thogerson presented a forged cash refund voucher in the amount of $829.50 to a department store. The refund voucher had a nonexistent employee identification number, a nonexistent "house number," and a countersignature from an employee at a store in Memphis, Tennessee; the voucher purported to be given for merchandise never sold at the store from which it was ostensibly purchased. A department store security manager questioned Thogerson regarding the purchase, and he claimed to have obtained the refund voucher about a month before, although the voucher itself showed that it had been generated on the previous day.

In his sole enumeration of error, Thogerson contends the trial court should have applied the provisions of the Uniform Commercial Code to the refund voucher, because the prosecutor described the refund voucher as a "negotiable instrument."[1] Thogerson asserts that the voucher must be treated as a negotiable instrument under former OCGA § 11-3-104 (1), and that former OCGA § 11-3-207 (1) (b)[2] provides that negotiation is effective even if obtained by fraud. It follows, Thogerson argues, that a directed verdict of acquittal should have been granted because the State failed to prove that Thogerson was not a "holder in due course," who, under former OCGA § 11-3-306, took the instrument free of the store's claims.[3]

---

[1] Assuming without deciding that an attorney's question to a witness can be considered a "statement," the prosecutor's characterization of the refund voucher as a negotiable instrument is not dispositive. The construction of a contract is a question of law for the court, OCGA § 13-2-1, and a mere statement of opinion as to the legal effect of a document is not a binding admission. *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 172 (2) (390 SE2d 257) (1990).

[2] Article 3 of the UCC was substantially revised in 1996. Ga. L. 1996, p. 1306, § 3. The events underlying this appeal took place in 1993.

[3] We question whether this refund voucher meets the legal requirements for a negotiable instrument, because it does not "contain the time honored 'words of negotiability,' such as pay to the order of or pay to bearer." *Hall v. Westmoreland, Hall & Bryan*, 123 Ga. App. 809, 811 (182 SE2d 539) (1971). See former OCGA § 11-3-104 (1) (d). But we do not reach this issue.

This contention is without merit. The definitions contained in former Article 3 of the UCC, including the definition of "holder in due course" and "instrument," are expressly limited in their application to "this article." Former OCGA § 11-3-102 (1), (2). Moreover, the definitions applicable to this article taken from other portions of the UCC are specifically enumerated. Former OCGA § 11-3-102 (3). Even the general definitions applicable to the UCC as a whole are limited to use "in this title." OCGA § 11-1-201. For this reason, as we observed in *Calhoon v. Mr. Locksmith Co.*, 200 Ga. App. 618 (409 SE2d 226) (1991), definitions contained in the UCC are inapplicable to a criminal prosecution. Id. at 620 (1). "This is a criminal case, not . . . governed by the Uniform Commercial Code." *Givens v. State*, 216 Ga. App. 176, 177 (454 SE2d 141) (1995). Thogerson cannot require the State to prove as additional elements of a crime requirements engrafted from another, unrelated body of law.

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 17, 1996.

*Robert S. Devins*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Thomas A. Cole, Nancy I. Jordan, Assistant District Attorneys*, for appellee.