A99A0929. WOODWARD v. SICKLES.
(521 SE2d 211)

ELDRIDGE, Judge.

Plaintiff-appellant Glenda Woodward appeals from the Gwinnett County Superior Court's grant of summary judgment to defendant-appellee Mark Sickles. We affirm.

In her pro se appeal to this Court, Woodward presented several enumerations of error and a brief that were wholly indecipherable. See Court of Appeals Rule 1 (c), (d).

Further, the enumerations [and brief] do not point to distinct errors of law and do not set forth cogent argument and citation of authorities. See OCGA § 5-6-40; Court of Appeals Rule 27 [(c) (1), (2), (3)]. Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court. While our goal is to directly address the specific issues raised on appeal, where, as in [this case], the contentions presented are argued generally, we must necessarily answer these issues in a similar fashion.

(Citations and punctuation omitted.) *Bennett v. Moody*, 225 Ga. App. 95, 96 (483 SE2d 350) (1997). "Furthermore, a party will not be granted relief should we err in deciphering a brief which fails to adhere to the required form. [Cit.]" *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

This Court was able to glean the following from the record and the trial court's order thereon: Woodward filed her personal injury and fraud claims in July 1998; such claims were the result of an incident that occurred in 1987. Sickles responded to the claim by asserting the two-year statute of limitation. See OCGA § 9-3-33. The trial court found that such claims were barred by the statute of limitation and granted Sickles' motion for summary judgment.

In order to survive Sickles' motion for summary judgment, Woodward was required to present some evidence of disability, legal incompetence, fraud, or other factor which would have tolled the statute of limitation in this case. OCGA §§ 9-3-90; 9-3-91; 9-3-96; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). After reviewing the record, this Court finds that Woodward has presented no such evidence. Therefore, Sickles was entitled to summary judgment as a matter of law.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JULY 23, 1999 —
RECONSIDERATION DENIED AUGUST 3, 1999

Glenda Woodward, *pro se.*
*Patricia O'Kelley*, for appellee.