A00A1639. FURLONG v. DYAL et al.

(539 SE2d 836)

MIKELL, Judge.

Sara Ann Furlong filed a negligence action against Faith Ann Dyal, Richard Albert Nixon, Jr., and Nixon's employer, Chancy Health Care Services, Inc., to recover damages for injuries she sustained in a multi-car collision. Furlong served State Farm Mutual Automobile Insurance Company, her uninsured motorist insurance carrier, with a copy of the complaint, and State Farm answered. The defendants moved for summary judgment. In a two-sentence order, the trial court granted the motions. Furlong appeals. For reasons which follow, we reverse.

The record reveals that on January 24, 1996, during heavy lunch-hour traffic, Furlong stopped her car in the northbound left lane of North Ashley Street in Valdosta and waited behind a car which had signaled its intention to turn left onto Pendleton Avenue. Two cars stopped behind Furlong without incident. However, when Dyal drove up behind the stopped cars, she was unable to stop in time to avoid a collision. Dyal slammed on her brakes, skidded, and struck the rear of the car in front of her. Nixon, who was driving a pickup truck, came along behind Dyal too late to make a timely stop, and the front of his truck collided with the back of Dyal's vehicle. During this multi-car collision, the car in front of Dyal was hit in the rear and forced forward into the back of the car immediately behind

---

[9] See *Altama Delta Corp. v. Howell*, 225 Ga. App. 78, 81 (3) (483 SE2d 127) (1997).

Furlong ("Car 4"). Car 4 was propelled forward and to the right.

1. Defendants claim that Furlong cannot establish the element of causation as a matter of law because she cannot prove that Car 4 struck her car. We disagree.

To prevail on a motion for summary judgment, a defendant must demonstrate "that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's claim."[1]

We review a trial court's grant of summary judgment de novo, and we view the evidence in the light most favorable to the nonmovant.[2]

"A reasonabl[y] close causal connection between the conduct and the resulting injury" is an essential element of a negligence action.[3] In claiming a conclusive absence of such a nexus, defendants point to the testimony of the driver of Car 4, who positively and unequivocally stated that her car did not collide with Furlong's vehicle. Furlong, on the other hand, lost consciousness during the incident and cannot recall an impact to her car. The police officer who responded to the scene of the accident, Robin Mott, noted no visible damage to the front of Car 4, although she observed both old and new damage to the rear of Furlong's car. The driver of the car behind Car 4 testified that her vehicle struck the rear of Car 4; however, she did not recall striking the back of Furlong's car, although she remembered that her car was struck "many times."

The defendants presented direct evidence that Furlong's car was not struck during the collision. They are nevertheless not entitled to summary judgment on the issue of causation, because Furlong has come forward with sufficient circumstantial and opinion evidence to create a jury question on whether her car was struck in the rear.

Circumstantial evidence may be sufficient to create a jury issue in the face of direct evidence to the contrary.

> Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. If this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] *Taylor v. Gelfand*, 233 Ga. App. 835-836 (505 SE2d 222) (1998).

[3] See *Lau's Corp.*, supra, 261 Ga. at 492.

must demand a finding of fact on the issue in favor of the plaintiff.[4]

Officer Mott testified that she saw evidence of both new and old damage to the rear of Furlong's car. Furlong testified that her car had been involved in a rear-end collision approximately a year before, but she had not been involved in an automobile collision since that time. Furlong's car was positioned in immediate proximity to the other cars involved in the multi-car collision. Furlong lost consciousness during the collision and awoke with her head on the steering wheel. Moreover, Furlong was diagnosed with facial bone fractures and crushed sinuses. She has received periodic medical treatment for dizziness and headaches since the collision. A jury would be authorized to find on the basis of the totality of the circumstantial evidence presented that Furlong's car was struck in the rear during the multi-car collision, despite direct evidence to the contrary.[5]

Furlong also presented the opinion testimony of Officer Mott that Furlong's car was struck in the collision. Opinion evidence may be sufficient to preclude the grant of summary judgment.[6] But the opinion must be probative. It may not be purely speculative[7] or speak to an ultimate issue requiring a mixture of both law and fact in its determination.[8] And to be considered in ruling on a motion for summary judgment, opinion evidence must be admissible at trial.[9]

Defendants challenge Officer Mott's qualification to testify to what occurred during the multi-car collision because she was not trained as an expert in automobile accident reconstruction. Officer Mott is a police officer with twenty-three years of experience, including seven years of traffic duty, and trained in collision investigation.

> Since it has been held that an experienced auto-wrecker driver is qualified to state facts and give [her] opinion from these facts as to the point of impact and between what objects there should not be any doubt that a police officer with investigative training and experience on automobile collisions is an expert. Of course the credibility and weight

---

[4] (Citations and punctuation omitted.) *Michelin Tire Corp. v. Irving*, 185 Ga. App. 783, 784 (1) (366 SE2d 156) (1988).

[5] While direct evidence may often be preferable to circumstantial evidence, it has been said that " 'There is still no man who would not accept dog tracks in the mud against the sworn testimony of a hundred eye-witnesses that no dog has passed.' " *Menke v. First Nat. Bank of Atlanta &c.*, 168 Ga. App. 495, 503 (309 SE2d 835) (1983) (Deen, P. J., concurring specially), quoting W. Prosser, Law of Torts, 212 (4th ed. 1971).

[6] *Mitchell v. Rainey*, 187 Ga. App. 510, 513 (370 SE2d 673) (1988).

[7] *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996).

[8] *Dual S. Enterprises v. Webb*, 138 Ga. App. 810 (1) (227 SE2d 418) (1976).

[9] See generally *Murray v. Dept. of Transp.*, 240 Ga. App. 285 (523 SE2d 367) (1999).

to be given [her] testimony [are] for the jury.[10]

Officer Mott is qualified to give opinion testimony on whether or not Furlong's car was struck in the collision.

Defendants further argue that Officer Mott's opinion testimony was based on inadmissible hearsay testimony, speculation, and assumption. Furlong told the officer that her vehicle was hit from the rear. Officer Mott also spoke to an eyewitness, who reported seeing the vehicles driven by Dyal and Nixon striking the stopped vehicles. Officer Mott noted the severity and location of the damage on each vehicle. In her affidavit, she states

> Based on my observations and investigation at the scene of the accident, and my interviews with Defendants Dyal and Nixon, it is my opinion that the subject accident and resulting injuries and damages sustained by all identified vehicles were the result of Defendant Dyal and Defendant Nixon striking the rear of the vehicles in front of them.

Standing alone, the officer's affidavit shows a sound basis for forming an opinion. Defendants, however, point to portions of Officer Mott's deposition testimony, where she refers to her "assumptions." And the defendants argue that the eyewitness only provided inadmissible hearsay. But Officer Mott's deposition testimony also supports her statement that she interviewed Dyal and Nixon and physically examined the damage to the vehicles. While defendants attack Officer Mott's testimony by highlighting selected portions of her deposition, the deposition does not show that her testimony regarding the collision was necessarily speculative, baseless, or otherwise inadmissible. Officer Mott's opinion that Furlong's car was struck during the collision satisfies Furlong's burden of coming forward with evidence on the element of causation.

2. Defendants Nixon and Chancy Health Services maintain that the evidence does not support a causal connection between Nixon's actions and damage to Furlong, if any. They claim that even if Furlong could show that she was injured during the collision, she cannot show two separate impacts to her car. However, Officer Mott testified in her deposition that:

> The basis of what was told to me, that it was a continuous reaction by both vehicle 1 and 2, that when they — like, they're driving down the road; they react; they see vehicles

---

[10] (Citation and punctuation omitted.) *Massee v. State Farm &c. Ins. Co.*, 128 Ga. App. 439, 443 (3) (197 SE2d 459) (1973).

in front of them. [Nixon's] vehicle 1 sees [Dyal's] vehicle 2 slamming on brakes. [Dyal's] vehicle 2 slams on brakes because she sees the vehicles in front of her. It's a continual reaction, 1, 2, 3, 4, 5. It was just — it was continuous. It was not here we've got one accident, and then a few seconds later or five seconds later, just another accident. I don't see it that way. I see it as one continuous accident.

Mott goes on to testify, "I believe that . . . in talking to the witnesses and talking to the drivers, that 1 [Nixon] and 2 [Dyal] hit at the same time, causing 2 [Dyal] to — 1 [Nixon] and 2 [Dyal] hitting 2, 3, 4 and 5 in a chain reaction."

If a trier of fact were to find "one continuous accident," it would be authorized to find Dyal and Nixon contributed concurrently to a chain of collisions leading directly to Furlong's injuries and to find Nixon liable as a joint tortfeasor with Dyal.[11]

3. Next, contrary to Dyal's argument, the record reveals evidence that she was negligent. Dyal and Nixon were issued citations for following too closely, and subsequently they forfeited their bonds in connection with the charges.[12] Their bond forfeitures are admissions against interest and are admissible as evidence of negligent conduct.[13]

4. Finally, State Farm argues that the trial court's grant of summary judgment to Nixon and Dyal constituted a determination on the merits of Furlong's uninsured motorist claims.[14] In view of the outcome here, we need not address this argument.

Because Furlong has come forward with sufficient evidence to create a jury question on each essential element of her negligence claim, the trial court's grant of the defendants' motion for summary judgment was in error and must be reversed.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 26, 2000.

*O. Wayne Ellerbee, John K. Edwards, Sr.,* for appellant.
*Coleman, Talley, Newbern, Kurrie, Preston & Holland, George T. Talley, Edward F. Preston, Young, Thagard, Hoffman, Scott & Smith,*

---

[11] OCGA § 51-12-31.
[12] See OCGA § 40-6-49 (a).
[13] See OCGA § 40-13-58; *Cannon v. Street,* 220 Ga. App. 212, 214 (2) (469 SE2d 343) (1996).
[14] *Boles v. Hemrick,* 194 Ga. App. 595, 596-597 (391 SE2d 418) (1990).

*F. Thomas Young, Matthew R. Lawrence, Susan H. Sumner, Daniel Bullard IV, Jon-Selby R. Hawk*, for appellees.