## A02A0275. KING v. TURNER.
### (564 SE2d 463)

PHIPPS, Judge.

Arthenia King filed a negligence claim against Gwendolyn Turner for damages arising from an automobile collision. Following a trial, the jury found in favor of Turner. King appeals, arguing that

---

the jury charge on comparative negligence was improper for several reasons. King's arguments have no merit. Therefore, we affirm.

Construed in favor of the jury's verdict, the evidence showed that on December 5, 1998, King was driving on a residential street and slowed down in front of her sister's house. Turner, who was driving directly behind King, saw neither brake lights nor signal lights operating on King's car. Turner testified that some children playing nearby momentarily diverted her attention, and when she looked back at King's car, it had either "stopped or was driving slowly." Turner applied her brakes, but her car skidded into the back of King's car. Turner was cited for following too closely. Turner posted a bond and did not go to court to contest the charge, and the citation was disposed of as a bond forfeiture.

The court instructed the jury on comparative negligence. On appeal, King makes several claims of error regarding that charge.

First, King argues that there was no evidence to support the comparative negligence charge. A charge on a given subject is justified if there is even slight evidence from which a jury could infer a conclusion regarding that subject.[1] Here, the jury could have inferred from the evidence that King was negligent because she had stopped her car either too suddenly and without justification or with no brake or signal light operating. The charge on comparative negligence was justified.

King also argues that the comparative negligence charge was unwarranted because Turner forfeited her bond in connection with the citation, which constitutes an admission against interest.[2] But such an admission is not conclusive evidence that Turner was negligent; it is only one circumstance for the jury to consider along with all other evidence.[3]

King next asserts that Turner accepted full responsibility for the collision and thus contends that no comparative negligence charge was warranted. The record shows that Turner testified, "I accept full responsibility for bumping her car or the accident." However, she further testified that she "would have applied [her] brakes sooner . . . had [she] seen some signal or anything." Turner's testimony did not preclude the charge on comparative negligence.

Finally, King complains that a statement in the court's instruction on comparative negligence amounted to an improper comment on the evidence. The record reveals, however, that no objection was

---

[1] *Sanders v. Moore*, 240 Ga. App. 730, 731 (2) (524 SE2d 780) (1999).

[2] See OCGA § 40-13-58; *Furlong v. Dyal*, 246 Ga. App. 122, 126 (3) (539 SE2d 836) (2000); *Cannon v. Street*, 220 Ga. App. 212, 214 (2) (469 SE2d 343) (1996).

[3] See *Sanders*, supra at 731 (1) (concerning guilty plea to traffic violation).

made at trial, and this claim of error cannot be raised for the first time on appeal.[4]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 12, 2002.

*Carter & Richbourg, Joseph I. Carter*, for appellant.
*Simpson & Gray, Joseph B. Gray, Jr.*, for appellee.

---

[4] *Johnson v. Ervin*, 236 Ga. 605, 606 (4) (225 SE2d 21) (1976); *Flanigan v. Reville*, 107 Ga. App. 382, 383-384 (5) (130 SE2d 258) (1963).
[1] See *Askew v. State*, 248 Ga. App. 230 (1) (546 SE2d 15) (2001).
[2] (Punctuation omitted.) Id.