A05A0544. GATES v. NAVY.
(617 SE2d 163)

BERNES, Judge.

Appellant Mark L. Gates brought the instant personal injury action against appellee Roy C. Navy III in the State Court of Cobb County. After two days of hearing evidence, a Cobb County jury found in favor of Navy. Gates appeals, contending that the trial court erred (1) in excluding any evidence that Navy fled the scene of the accident from the compensatory damages phase of trial; (2) in partially redacting his "negligence per se" charge; (3) in refusing to give his "no right to assume road is clear" and "anticipation of consequences" charges; and (4) in charging on comparative negligence. Finding no error, we affirm.

This action arose out of a motor vehicle incident which occurred at a Cobb County Department of Transportation ("DOT") road construction site. Gates filed suit to recover damages for injuries allegedly sustained when an exterior mirror of Navy's truck struck Gates' arm while he was working at the DOT construction site. Gates also sought punitive damages based on his claim that Navy fled the scene of the incident after being advised that Gates was injured and that the police were being called. Following the trial by jury on Gates' compensatory damages claim, the trial court granted Navy's motion for a directed verdict on the punitive damages claim.

1. Gates first contends that the trial court erred in excluding from the compensatory damages phase of trial any testimony or evidence showing that Navy left the scene of the accident before the police arrived. See *Cheevers v. Clark*, 214 Ga. App. 866, 868 (3) (449 SE2d 528) (1994). A review of the record reveals the trial court initially

excluded the evidence based on Gates' *consent* to a motion to bifurcate/trifurcate the trial proceeding which sought, inter alia, exclusion of the evidence in the compensatory damages phase of trial. "It is a well-settled appellate rule that one cannot complain about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing." (Citations and punctuation omitted.) *Wallace v. Swift Spinning Mills*, 236 Ga. App. 613, 617 (2) (511 SE2d 904) (1999). See also *Robinson v. Ellis*, 268 Ga. App. 52, 54 (601 SE2d 426) (2004) (party may not complain of error that he induced). Moreover, any error in the trial court's initial ruling was harmless because evidence of Navy's alleged flight was admitted into evidence during the compensatory damages phase, notwithstanding the trial court's ruling. See *Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70, 74 (10) (207 SE2d 543) (1974). On direct examination, Gates' supervisor testified that Navy stopped at the accident scene, learned that Gates had been injured, and "turned around and left" when Gates "picked up the phone [and] showed [Navy] that he'd dialed 911."

Finally, any error in the trial court's initial exclusion of the evidence was harmless for an additional reason. The trial court later reconsidered its ruling and gave Gates' counsel an opportunity to further cross-examine Navy for the purpose of establishing that Navy "did not stay at the scene, and that he did not report the accident." Gates' counsel declined to do so. Under these circumstances, we find no error.

2. Gates next contends that the state court erred by omitting the words "while driving through a construction zone in violation of [OCGA] § 40-6-75" from the charge given to the jury on negligence per se. In lieu of giving Gates' requested charge on negligence per se verbatim, the trial court first charged the jury using the language of the aforesaid statute: "The driver of a vehicle shall yield the right of way to any authorized vehicle or pedestrian actually engaged in work upon a highway within any highway construction or maintenance area indicated by official traffic-control devices." OCGA § 40-6-75 (a). The trial court then charged the jury on negligence per se: "The plaintiff contends that the defendant violated certain laws or ordinances. Specifically, the plaintiff contends that the defendant failed to yield to the plaintiff who was working on the roadway. Such a violation would be called negligence per se, or negligence as a matter of law."

"It is well established that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Footnote omitted.) *Wadkins v. Smallwood*, 243 Ga. App. 134, 139 (5) (530 SE2d 498) (2000). "The trial court's failure to give a jury charge in the exact language requested is not error where the charges actually given substantially cover the principles contained in the

request." (Footnote omitted.) *Nails v. Rebhan*, 246 Ga. App. 19, 22 (3) (538 SE2d 843) (2000). We find the trial court's charge substantially covered the principles contained in Gates' request to charge.[1] Accordingly, we find no error in the trial court's omission.

3. Gates contends the trial court erred in refusing two of his requests to charge the jury. Gates contends the trial court erred in refusing to charge the jury that "the driver of a motor vehicle has no right to assume that the road ahead of him is clear of pedestrians, and he must maintain a diligent outlook therefor [sic]." See *Young v. Kitchens*, 228 Ga. App. 870, 873 (3) (492 SE2d 898) (1997). He also contends the trial court erred in refusing his request to charge the following:

> [I]n order for a party to be liable for negligence, it is not necessary that they [sic] should have been able to anticipate the particular consequences, which ensued. It is sufficient if, in ordinary prudence, they might have foreseen some injury, which would result from their act or omission and that consequences, of a generally injurious nature, might result.

See *Bayshore Co. v. Pruitt*, 175 Ga. App. 679, 680 (1) (334 SE2d 213) (1985). When the trial court refused to give the two charges, Gates' counsel excepted. He argued that the charges were necessary and appropriate in this case because Navy had indicated that he had not seen Gates on the side of the road before he hit Gates, and there was evidence that Navy had not been watching where he was going as he drove through the construction site.

"The specific grounds advanced at trial for objection or exception to a charge control the extent of appellate review of the charge." *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 129 (5) (419 SE2d 48) (1992). "In order for a refusal to charge to be error, the requests must be . . . adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Citation and punctuation omitted.) *Locke v. Vonalt*, 189 Ga. App. 783, 787 (4) (377 SE2d 696) (1989).

In light of these principles, we find no error in the trial court's refusal to give the charges requested by Gates. The first requested charge related to Navy's duty of care and was not adjusted to the specific facts of this case. The trial court properly charged the jury regarding Navy's duty of care; the trial court charged the jury that a

---

[1] Gates' counsel conceded as much at trial. His trial counsel stated: "I don't know that it makes a big difference other than specifying exactly which code section we allege that they violated. And I guess it's probably cured by the fact that you just read the code section."

driver has a duty to yield the right of way to "authorized pedestrians actually engaged in work upon the highway. . . ."[2] "Reversible error will not be found in the refusal of the trial court to give a charge which, while constituting a correct statement of an abstract principle of law, was not adjusted to the evidence introduced at trial." (Citation omitted.) *Campbell v. Cozad*, 207 Ga. App. 175 (1) (427 SE2d 515) (1993).

The second requested charge provided an abstract definition that went to the issue of foreseeability. "While a correct statement of the law, this charge did not address a disputed issue in the instant case." *Process Posters v. Winn-Dixie Stores*, 263 Ga. App. 246, 252 (2) (c) (587 SE2d 211) (2003). Navy never disputed the fact that if he had been traveling through the road construction site in an unsafe and inappropriate manner, it would have been foreseeable that he might strike a DOT construction worker. Rather, Navy's contention throughout the litigation was that he had driven through the construction area in a safe and cautious manner, but Gates had inappropriately stepped out into the roadway and was hit in the arm by Navy's truck as a result. Accordingly, Gates was not harmed by the trial court's failure to give this charge. Id.

4. Finally, Gates contends that the trial court erred in charging the jury on comparative negligence. "A charge on a given subject is justified if there is even slight evidence from which a jury could infer a conclusion regarding that subject. [*Sanders v. Moore*, 240 Ga. App. 730, 731 (2) (524 SE2d 780) (1999).]" *King v. Turner*, 255 Ga. App. 56, 57 (564 SE2d 463) (2002). Here, there was at least some evidence presented at trial that supported the trial court's decision to give the comparative negligence charge. Gates and his supervisor both testified that their DOT training emphasized the importance of keeping a lookout while working. Gates testified that he had not looked up when he heard Navy's truck approaching, and that, had he done so, he would have been able to avoid any contact with the truck. Consequently, there was evidence in this case that supported the charge.

However, Gates argues that Navy forfeited any right to a comparative negligence charge, given Navy's testimony accusing Gates of purposely stepping into the roadway and striking his vehicle. Gates has misconstrued our comparative negligence case law. "It is well-settled that the defenses of comparative negligence, negligence per se, assumption of the risk and contributory negligence are not valid defenses to intentional, wilful, or wanton and reckless torts, and it is inappropriate in such cases to instruct the jury thereon." (Citations omitted.) *Hopkins v. First Union Bank*, 193 Ga. App. 109, 111 (2) (387

---

[2] A duty to yield encompasses a duty to lookout.

SE2d 144) (1989). See also *Flanagan v. Riverside Military Academy*, 218 Ga. App. 123, 126 (460 SE2d 824) (1995) ("The principle of comparative negligence cannot be applied to bar a claim premised on an intentional tort.") (citation omitted). What these cases make clear is that comparative negligence may not be asserted as a defense when the party seeking to assert the defense *has himself been accused of an intentional tort*. Here, the trial court directed a verdict on Gates' punitive damages claim. Only Gates' negligence claim against Navy went to the jury in the compensatory damages phase. Thus, Gates' argument is without merit. The trial court did not err in charging on comparative negligence.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 6, 2005 — 

*Braun & Ree, Michael R. Braun*, for appellant.
*Harper, Waldon & Craig, Jonathan M. Adelman, Stephen D. Morrison, Jr.*, for appellee.