### A08A1504. BENEKE v. PARKER et al.
(667 SE2d 97)

BLACKBURN, Presiding Judge.

Alan F. Beneke appeals the trial court's denial of his motion for summary judgment, arguing that the two-year statute of limitation had run by the time plaintiff Patricia Parker filed her action against him approximately two years and two weeks after the subject auto collision. She argues that the statute had been tolled under OCGA § 9-3-99 until the "following too closely" charge against Beneke was resolved. The issue is whether OCGA § 9-3-99 tolled the running of the statute of limitation for this "Uniform Rules of the Road" violation pending the disposition of the traffic citation issued against Beneke. The trial court denied Beneke's motion and held that the statute of limitation on Parker's complaint was tolled under OCGA § 9-3-99. We affirm the denial of summary judgment; however, we vacate that portion of the summary judgment order that purports to make a final finding of fact as to whether the tolling occurred.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from

it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that on April 27, 2005, Beneke rear-ended the vehicle in which Parker was a passenger, overturning Parker's vehicle and causing her serious injury. Beneke was cited for following too closely,[2] which traffic citation was not resolved until Beneke's bond forfeiture on May 19, 2005.[3] On May 11, 2007, Parker[4] sued Beneke for negligence in Long County Superior Court, seeking to recover for her injuries. Beneke moved for summary judgment, contending that the two-year statute of limitation set forth in OCGA § 9-3-33 barred the action. The trial court granted Beneke's motion for summary judgment on December 18, 2007. On January 11, 2008, Parker submitted additional evidence to the trial court, showing the disposition of the traffic charge on May 19, 2005. Parker moved the trial court to reconsider its prior ruling, contending that OCGA § 9-3-99 tolled the statute of limitation until the final disposition of the traffic charge on May 19, 2005. Reconsidering its December 18 ruling, the trial court vacated its original order and denied summary judgment, finding as a matter of law that OCGA § 9-3-99 applied to toll the statute of limitation. We granted Beneke leave to pursue an interlocutory appeal.

1. There is no doubt that unless tolled, the two-year limitation under OCGA § 9-3-33 bars Parker's action against Beneke, as her action was filed two years and two weeks after the collision occurred that caused her injuries. The question is whether the subject facts would support the tolling of the limitation statute for the 22 days between the date of the alleged crime or criminal negligence and the date of the final disposition of the traffic citation issued against Beneke arising from the incident.

OCGA § 9-3-99 provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] OCGA § 40-6-49 (a).

[3] A bond forfeiture in connection with a traffic citation is not conclusive evidence of negligence. Although a knowing bond forfeiture (without a pleading of "not guilty") is an admission of guilt, OCGA § 40-13-58, it is not conclusive evidence that Beneke was negligent; it is only one circumstance for the jury to consider along with all other evidence. *King v. Turner*, 255 Ga. App. 56, 57 (564 SE2d 463) (2002). See *Leonard v. Dixon*, 246 Ga. App. 83, 84 (538 SE2d 781) (2000).

[4] Parker was joined by her husband, who sued for loss of consortium. His claims are pending and are not the subject of this appeal.

188

crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years.

Parker is suing for injuries arising out of the traffic incident caused by Beneke's alleged negligence in following too closely. Thus, the question of whether this statute tolled OCGA § 9-3-33 turns on whether a traffic violation for following too closely, under these facts, is a "crime" under OCGA § 9-3-99.[5] This traffic offense is found in OCGA § 40-6-49 (a), which prohibits a driver of a motor vehicle from following "another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Whether this is a "crime" depends on whether it meets the general definition of a "crime" as found in the Code.

OCGA § 16-2-1 (a) defines "crime" as "a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." Violations of the "Uniform Rules of the Road" such as "following too closely" usually do not constitute "crimes," for the State is not required to prove either intent or criminal negligence in order to secure a conviction. See *Walden v. State*[6] (convictions for violations of the Uniform Rules of the Road "require no proof of culpable criminal intent or criminal negligence"). "Indeed, violations of the offenses set forth in Title 40, Chapter 6, unless otherwise indicated, are strict liability offenses. As such, the [S]tate is not required to prove mental fault or mens rea in" the prosecution of such offenses, which includes the offense charged here. (Footnote omitted.) *Augustin v. State*.[7]

The statute of limitation for a personal injury action arising from the tortious conduct involved in a collision resulting from following too closely is two years under OCGA § 9-3-33. If the acts which caused the collision are intentional, or constitute criminal negligence, the statute of limitation for the tort action is tolled until the final disposition of the traffic charge pursuant to OCGA § 9-3-99. Before those tolling provisions would apply, the mens rea element (intent or criminal negligence) that was unnecessary in order to

---

[5] As such was unnecessary to our decision, we expressly declined to answer that question in *McGhee v. Jones*, 287 Ga. App. 345, 347 (2) (652 SE2d 163) (2007), insofar as it concerned an "improper lane change" violation.

[6] *Walden v. State*, 273 Ga. App. 707, 710-711 (1), n. 1 (616 SE2d 462) (2005).

[7] *Augustin v. State*, 260 Ga. App. 631, 633-634 (2) (580 SE2d 640) (2003).

prove the traffic violation under OCGA § 40-6-49 (a) would have to be shown to apply the tolling of the statute of limitation under OCGA § 9-3-99.

OCGA § 16-2-1 (b) defines "criminal negligence" as "an act or failure to act which demonstrates a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby." The evidence submitted in the subject case was minimal. An affidavit from Parker showed that Beneke's vehicle struck her vehicle from behind with such force that it caused Parker's vehicle to overturn. This evidence could support a finding that Beneke's act of following too closely was so extreme that it demonstrated "a willful, wanton, or reckless disregard for the safety of others who might reasonably be expected to be injured thereby." OCGA § 16-2-1 (b). A jury could reasonably find that Beneke's actions here in following too closely and in slamming hard into Parker's vehicle demonstrated a reckless if not wilful disregard for the safety of others and constituted "criminal negligence" as defined in OCGA § 16-2-1 (b). The fact that a following vehicle collides into the rear of another vehicle does not alone establish negligence or fault of the following vehicle. See *Malcom v. Malcolm*.[8] An admission to the traffic offense of following too closely does not conclusively show liability; it is only a circumstance for the jury to consider with all other evidence in a civil case for damages. See *Armandroff v. Cushing*;[9] *Malcom*, supra.

This brings us to the next issue: who decides whether such a traffic violation was accompanied by the mens rea (intent or criminal negligence) necessary to meet the definition of "crime" under OCGA § 16-2-1? Here, the judge as a matter of law found that Beneke's actions showed a wilful disregard. However, established Georgia law holds that this is a matter for the jury to resolve, as disputed issues of fact necessary to determine whether a statute of limitation has been tolled are jury questions. See *Douglas Kohoutek, Ltd. v. Hartley, Rowe & Fowler, P.C.*[10] See generally *Retail Credit Co. v. Russell*;[11] *Stewart v. Warner*.[12] Thus, although the trial court correctly denied the motion for summary judgment, the court erred in ruling that Beneke acted with criminal negligence and that therefore Beneke had committed a crime as defined by OCGA § 16-2-1 (a) as a matter

---

[8] *Malcom v. Malcolm*, 112 Ga. App. 151 (144 SE2d 188) (1965).

[9] *Armandroff v. Cushing*, 250 Ga. App. 105 (550 SE2d 674) (2001).

[10] *Douglas Kohoutek, Ltd. v. Hartley, Rowe & Fowler, P.C.*, 247 Ga. App. 422, 423 (1) (543 SE2d 406) (2000).

[11] *Retail Credit Co. v. Russell*, 234 Ga. 765, 777 (IV) (218 SE2d 54) (1975).

[12] *Stewart v. Warner*, 257 Ga. App. 322, 322-323 (571 SE2d 189) (2002).

of law. That portion of the order must be vacated, as this question must be resolved by a jury.

Beneke requests that this Court limit the meaning of "crime" in OCGA § 9-3-99 to include only the more violent or serious traffic crimes as the legislature has provided in other statutes. Beneke points to the more restrictive definition of "crime" found in the statute providing compensation to certain victims from a state-administered fund (see OCGA § 17-15-1 et seq.) and encourages this Court to graft that definition into OCGA § 9-3-99. OCGA § 17-15-2 (3) (A) provides in part:

> As used in this chapter, the term . . . "[c]rime" means . . . [a]n act which constitutes hit and run as defined in Code Section 40-6-270, homicide by vehicle as defined in Code Section 40-6-393, serious injury by vehicle as defined in Code Section 40-6-394 [(injuries caused by reckless driving or DUI)], or any act which constitutes a violent crime as defined by state or federal law which results in physical injury or death to the victim. . . .

Only those victims injured as a direct result of these particular crimes are eligible for compensation from the fund. OCGA §§ 17-15-2 (8); 17-15-8. Thus, simple traffic offenses such as following too closely under OCGA § 40-6-49 (a) would not constitute crimes whose victims would be eligible for compensation.

This statute actually cuts against Beneke, as it expressly restricts its definition of "crime" to that particular chapter. See *Thogerson v. State*[13] (where definitions are restricted to a particular article or title, we will not engraft those definitions into other parts of the Code). Moreover, by including such a restrictive definition of "crime" in this statute and then not including such a restrictive definition in OCGA § 9-3-99, the legislature manifested its intent that the term "crime" in OCGA § 9-3-99 was not to be so restricted but was subject to the general definition of "crime" set forth in OCGA § 16-2-1. As stated in *Camp v. Coweta County*,[14] "[t]hese specific restrictions are examples of exceptions that prove the rule — where the legislature intended to specifically depart from the rule [(the analogous rule here would be the general definition of 'crime' set forth in OCGA § 16-2-1 (a))], it does so explicitly." See *Kothari v. Patel*[15] ("[i]f the General Assembly had wished to impose the stricter standard of proof in that subsection[,] it could have done so explicitly,

---

[13] *Thogerson v. State*, 224 Ga. App. 76, 77 (479 SE2d 463) (1996).

[14] *Camp v. Coweta County*, 280 Ga. 199, 203 (3) (625 SE2d 759) (2006).

[15] *Kothari v. Patel*, 262 Ga. App. 168, 173 (2) (585 SE2d 97) (2003).

as it did in subsection (b)'"); *State v. Sterling*[16] ("'if the legislature had intended to limit the consideration [to only certain crimes], it could have done so'"). While the legislature is free to adopt Beneke's limitation, to date, it has not done so.

We recognize that this Court's ruling may have a significant impact on some personal injury cases arising out of vehicle accidents by tolling the statute of limitation in certain cases. We also realize that the legislature may not have intended this result when it enacted OCGA § 9-3-99 with its definition of "crime." However, we do not try to guess the legislature's intention where the language is clear. We only interpret the law based on well-established rules of construction. Thus, we are compelled to reach this result under the statute as currently written.

2. Beneke also seeks to avoid the tolling provisions of OCGA § 9-3-99 by claiming that the application of that statute to Parker's complaint was an impermissible retroactive application of a law. Cf. Ga. Const. of 1983, Art. I, Sec. I, Par. X. However, OCGA § 9-3-99 became effective on July 1, 2005, prior to the filing of Parker's complaint in 2007. See Ga. L. 2005, pp. 88, 89, 99, §§ 2, 8. Where the new statute of limitation is in effect at the time the action was filed, "there is no question of retroactivity. . . ." *Hunter v. Johnson*.[17] See *Atlanta Country Club v. Smith*[18] ("[t]his is not a 'retroactive' application of the statute of limitation because the suit was filed after the effective date of the statutory amendment"). Beneke's citation to *McNeal Constr. Co. v. Wilson*[19] is inapposite, as that case concerned the retroactive application of a new statute of limitation to revive a claim *that had expired* before the new statute took effect. Here, Parker's claim was just over two months old (and therefore clearly within the two-year statute of limitation found in OCGA § 9-3-33) at the time the tolling provisions of OCGA § 9-3-99 became effective.

3. Beneke argues that the trial court lacked the power to consider OCGA § 9-3-99 because Parker did not raise the statute nor submit evidence thereon until her motion for reconsideration. However, "a trial judge has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion." *Bagley*

---

[16] *State v. Sterling*, 244 Ga. App. 328, 330 (2) (535 SE2d 329) (2000).

[17] *Hunter v. Johnson*, 259 Ga. 21, 22 (3) (376 SE2d 371) (1989).

[18] *Atlanta Country Club v. Smith*, 217 Ga. App. 515, 516 (1) (458 SE2d 136) (1995).

[19] *McNeal Constr. Co. v. Wilson*, 271 Ga. 540, 542 (522 SE2d 222) (1999).

*v. Robertson.*[20] See *Stamps v. Nelson.*[21] Indeed, the court has the power to consider additional evidence and to make new findings of fact, as

> [a] superior court retains *plenary* control over judgments entered during the term at which they were entered, and in the exercise of a sound *discretion* may revoke them, and such discretion will not be controlled unless *manifestly abused.* This inherent power applies to all orders and judgments, save those which are founded on verdicts.

(Citation and punctuation omitted; emphasis in original.) *Bagley,* supra, 265 Ga. at 146. See *Segrest v. Intown True Value Hardware*[22] (in its discretion, court may consider evidence submitted on motion for reconsideration).

Here, there are only two terms of Long County Superior Court, with one beginning on the first Monday in March and the second beginning on the third Monday in August. OCGA § 15-6-3 (4) (D). The court entered its first summary judgment order on December 18, 2007, then vacated that order and entered a revised order on January 30, 2008, all within the term of court that began in August 2007 and ended in March 2008. Beneke's citation to *ESI, Inc. of Tenn. v. WestPoint Stevens, Inc.*[23] is inapposite, as that case concerned the trial court's exercise of its discretion *to refuse* to consider a new issue raised in a motion for reconsideration; here, the trial court exercised its discretion to consider the newly-raised issue. We discern no abuse of discretion in the court's decision to reconsider its order in light of OCGA § 9-3-99 and the evidence submitted relevant thereto.

4. Finally, Beneke claims that Parker was required to plead the tolling of the statute of limitation in her complaint and that her failure to do so waived the matter. However, the relevant principle is: "When a complaint shows on its face that the statute of limitation has run *and there is no further showing by amendment or by affidavit that a tolling of the statute is possible,* a motion to dismiss the barred claims properly is granted." (Punctuation omitted; emphasis sup-

---

[20] *Bagley v. Robertson,* 265 Ga. 144, 146 (454 SE2d 478) (1995).

[21] *Stamps v. Nelson,* 290 Ga. App. 277, 278-279 (1) (659 SE2d 697) (2008).

[22] *Segrest v. Intown True Value Hardware,* 190 Ga. App. 588, 591 (3) (379 SE2d 615) (1989) (physical precedent only).

[23] *ESI, Inc. of Tenn. v. WestPoint Stevens, Inc.,* 254 Ga. App. 332, 334-335 (5) (562 SE2d 198) (2002).

plied.) *Harper v. Mayor & Aldermen of Savannah.*[24] As Parker submitted an affidavit showing a tolling under OCGA § 9-3-99 was possible, which affidavit the court considered, there was no waiver. Cf. *Woodward v. Sickles*[25] (to oppose summary judgment on statute-of-limitation grounds, party may submit evidence of tolling factors).

*Judgment affirmed in part and vacated in part. Miller and Ellington, JJ., concur.*

DECIDED JULY 17, 2008 —
RECONSIDERATIONS DENIED AUGUST 1, 2008 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.
*Blacknall & Little, Willis H. Blacknall III, Phillips & Kitchings, Richard Phillips*, for appellees.

---

[24] *Harper v. Mayor & Aldermen of Savannah*, 190 Ga. App. 637, 638 (1) (380 SE2d 78) (1989).

[25] *Woodward v. Sickles*, 239 Ga. App. 505, 506 (521 SE2d 211) (1999).