8600

WYLIE v. JEFFERSON STANDARD LIFE INSURANCE CO.

1. INSURANCE—FORFEITURE.—A policy of life insurance containing a provision that the policy becomes void on failure to pay premiums when due is not forfeited within the extension by failure to pay a premium, notice of which is given in a letter stating that the company grants thirty days' extension with interest.

2. IBID.—IBID.—THE STATUTE OF N. C. extending the time of forfeiture in certain cases expressly exempts policies of "a term insurance for one year."

Before WATTS, J., York, November term, 1911. Reversed.

Action by Ida M. Wylie against Jefferson Standard Life Insurance Company. Plaintiff appeals.

*Messrs. J. S. Brice* and *Witherspoon & Spencer,* for appellant, cite: *Forfeiture waived by defendant:* 25 Cyc. 858; Bliss on Ins. 311, 199; 35 A. R. 122; 44 N. Y. 276; 4 A. R. 675; 96 U. S. 572. *Waiver was not conditioned on payment in lifetime of insured:* Bliss 313-7; 321-2; 104 U. S. 767. *Defendant is bound by N. C. statute against forfeiture:* 179 U. S. 262.

*Messrs. Wilson & Wilson,* contra, cite: *Forfeiture for nonpayment is to be strictly enforced:* 104 U. S. 252; 93 U. S. 24; 105 U. S. 88; 177 Fed. R. 842; 46 Fed. 355; 74 Ala. 487; 88 N. Y. 54; 1 Mo. App. 300; 90 S. C. 1; 83 S. C. 262; 54 S. C. 371; 68 S. C. 391. *Sickness or incapacity is no excuse:* 105 U. S. 88; 177 Fed. 842. *Extension of time is no waiver:* 104 U. S. 252. *Premium has not been paid:* 104 U. S. 252; 144 U. S. 439; 54 S. C. 371; 44 N. Y. 276; 118 Fed. 250; 62 Md. 207. *Policy should be treated as a domestic charter contract:* 84 S. C. 253; 90 S. C. 544; 181 U. S. 76; Code 1902, 1719, 1787, 1790.

July 5, 1913.  The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE GARY.    This is an action on an ordi-
nary annual premium policy, issued on the eleventh day of
October, 1905, by the Carolina Mutual Life Insurance
Company, a domestic corporation, on the life of plaintiff's
husband, payable at his death to her.

Payment on the policy was subsequently assumed by the
Southern Life Insurance Company, and then by the defend-
ant, Jefferson Standard Life Insurance Company, corpora-
tions of North Carolina.

The original policy contained the provision, that "in case
the insured shall at any time fail to pay his dues and pre-
miums in advance, in accordance with his policy, as therein
provided for, his policy shall thereby lapse, and become null
and void, and have no binding force against the associa-
tion."

The insured died on the tenth day of November, 1909,
having paid all annual premiums, except the one which was
due on the eleventh day of October, 1908.

On the eighth day of October, 1909, the Carolina Mutual
Life Insurance Company, through S. L. Miller & Sons, its
duly authorized agents, wrote the following letter to the
insured : "We beg to call your attention to the premium of
$16 on your policy in this company, which will be due on
October 11th, but the company grants thirty days extension
in which to pay the same, with interest at 5%.    Hoping to
hear from you with remittance, we remain." * * *

At the close of the plaintiff's testimony, the defendant's
attorneys made a motion for nonsuit, upon which his Honor,
the presiding Judge, ruled as follows :

"I would like very much not to grant a nonsuit in this
case, but under the law I don't see how I can do otherwise.
This premium was due on the 11th day of October, and he
had 30 days from that time to pay it in, and he died within
that time.    He should have paid it within that time, or it

ought to have been tendered, somebody ought to have tendered it for him.   He had 30 days from the 11th day of October to pay that in.   Sickness is no excuse under that authority cited by Mr. Wilson, and Mr. Wylie had until midnight on the night he died, to have paid this premium, and having failed to do it, it is gone by the board, according to my notion."

The effect of this ruling was to deprive the plaintiff, of the extension which was granted to the insured by the company.   As the insured died within the time extended by the company for payment of the premium, the policy was in as full force and effect as it was at any time before the 11th day of October, 1909, when the premium fell due.   The insured was entitled to the full thirty days' extension, and, therefore, at his death, the policy had not been forfeited.   If, however, he had died after the thirty days had expired, without payment of the premium, the policy would have been forfeited.

His Honor, the presiding Judge, also ruled, that the statute of North Carolina, extending the time of forfeiture in certain cases, was not applicable to this case.   The policy in question is what is known as "a term insurance for one year," which kind of insurance is expressly excepted, from the provisions of the North Carolina statute.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for new trial.


MR. JUSTICE HYDRICK *concurs in the result.*   MR. JUSTICE WATTS *disqualified.*