FARMERS & MERCHANTS NATIONAL BANK *v.* COOK, administrator.

BECK, P. J. Whether the deed from the defendant in fi. fa. to the claimant was a bona fide conveyance for a valuable consideration and valid under all the circumstances, or whether it was made with the intent on the part of the grantor to hinder, delay, and defraud creditors, and whether the grantee in the deed, the claimant in this case, had knowledge of such intent or knowledge of facts which would have amounted to notice, was a question which should have been determined by the jury. The evidence was such as to raise an issue as to this question, and the court should not have granted a nonsuit, or, what in effect amounted to the same thing, dismissed the levy; but under proper instructions upon the pertinent issues should have submitted the case to a jury.        *Judgment reversed. All the Justices concur.*

No. 6251. MAY 16, 1928.

Claim. Before Judge Edwards. Polk superior court. August 26, 1927.

The plaintiff holds an execution against Mrs. Ernest Campbell and her husband, dated October 20, 1922, based on a judgment obtained in the city court of Polk County on October 14, 1922. This execution was levied, March 2, 1927, on three land lots in Polk County, to which the defendant in error filed his claim as administrator on the estate on J. M. Cook Sr. The plaintiff in fi. fa. filed a petition in aid of the levy, alleging that on June 28, 1922, Mrs. Ernest Campbell made a deed to J. M. Cook Sr., covering the property involved in this litigation, for the expressed consideration of $2000 and $450 due the Rockmart Bank and secured by deed to the property in question. It is charged, upon informa-

tion and belief, that she made that deed while insolvent, and for the purpose of hindering, delaying, and defrauding the plaintiff; that J. M. Cook Sr. was her uncle; that they knew of the debt of the plaintiff; that said conveyance was made for the purpose of creating a trust for the benefit of Mrs. Campbell; that said farm was practically all the property she had; that the plaintiff is informed that Cook did not pay Mrs. Campbell the consideration named in her deed; that Cook knew of her insolvency, knew of her intention to put the property where the plaintiff could not subject it to its debt, and knew that it was her intention and purpose, or it was the plan of Cook to get the title of said property without paying for it and to hinder, delay, and defraud the plaintiff. It is charged that after the sale of the property Mrs. Campbell continued to receive the benefit "of all rents on the lands levied on, and according to the information of petitioner she continued to have possession and control of the property through another uncle."

The court dismissed the levy, and the plaintiff in fi. fa. excepted.

*E. S. Ault* and *John K. Davis*, for plaintiff.

*C. S. Claxton* and *W. W. Mundy*, for defendant.