HARDIN *v.* REYNOLDS, tax-collector.

No. 13114. JANUARY 10, 1940.

*Hamilton McWhorter Jr., W. D. Tutt,* and *Williams & Freeman,* for plaintiff in error.

*W. W. Armistead* and *Erwin & Nix,* contra.

DUCKWORTH, Justice. An execution for State and county taxes, dated December 20, 1927, against A. J. Roland was, on December 10, 1934, levied on realty as property of the defendant Roland. A claim was filed by Mrs. Katie Mae Hardin. On the first trial, at the conclusion of the evidence the claimant moved to dismiss the levy, on the grounds that it was excessive, that the tax fi. fa. should not have been levied on lands conveyed by the defendant in fi. fa. to the claimant, before exhausting other properties of the defendant, and that, if levied upon lands conveyed to claimant, there was included in said conveyance vacant lands which should have been seized and exhausted before levying upon the improved lands embraced in the present levy. This motion was overruled. The claimant moved for a directed verdict that the property was not subject to the levy, which motion was sustained, and a verdict was directed accordingly. The tax-collector's motion for a new trial was overruled, and he excepted. The claimant by cross-bill excepted to the refusal to dismiss the levy. This court held that the trial court properly denied the motion to dismiss the levy, and that the court erred in directing the verdict for claimant, "inasmuch as it can not be said that a verdict in her favor was demanded." *Reynolds* v. *Hardin*, 187 *Ga.* 40 (200 S. E. 119). On a second trial, at which substantially the same evidence was introduced, the jury rendered a verdict finding the property subject. A motion for new trial was overruled, and the claimant excepted.

■ Ground 2 of the amendment to the motion for new trial assigns error on that portion of the charge which instructed the jury that notice to the purchaser of a subsisting judgment against the property is only prima facie evidence of mala fides, and that the purchaser may rebut such presumption by showing that he acted in good faith toward the judgment creditor. It is insisted that this charge placed on the claimant a burden which the law does not impose, and that it was error to charge that such notice was "prima facie evidence of mala fides." This assignment of error squarely presents for determination by this court the question as to the exact legal effect of knowledge by the purchaser of the existence of the judgment. Unfortunately there is apparent conflict in the decisions of this court on this question. It was ruled upon in each of the following cases, with at least one dissent from the majority ruling. *Sanders* v. *McAffee*, 42 *Ga.* 250; *Phillips* v. *Dobbins*, 56

*Ga.* 617; *Prater* v. *Cox,* 64 *Ga.* 706; *Broughton* v. *Foster,* 69 *Ga.* 712 (2). None of these decisions was unanimous; therefore they do not constitute binding precedent. The first unanimous decision of this court dealing with this question is that of *Danielly* v. *Colbert,* supra. · Under the rules of construction the oldest unanimous decision of this court is binding on all courts, including the Supreme Court. However, an examination of *Danielly* v. *Colbert,* supra, discloses that although the question was presented by an exception to a charge and the first division of the opinion is devoted to a discussion and ruling thereon, yet division 2 of the opinion discloses that the judgment rendered by this court completely disregarded the discussion and rulings in division 1 of the opinion on this point, and was placed squarely upon the evidence in the case, and that the judgment of the trial court was affirmed on the evidence. Had this court rendered a judgment of reversal on the evidence, then it would have been authorized to make the rulings on the exception to the charge, as a guide for the trial court on another trial. But since the judgment of the trial court was affirmed,. and the affirmance based on the evidence in the case, there was neither need nor authority for any ruling on questions not involved and not necessary in order to make the decision rendered. Division 2 clearly states that the judgment of the court is not only not based on the discussion and rulings made in division 1, but is rendered notwithstanding the conclusions there stated. This is the equivalent of a statement that whether or not the charge excepted to was error, the evidence demanded the verdict as rendered and the judgment based thereon is affirmed, thus showing that a decision on the special assignment, regardless of what that decision was, would not in the·remotest degree enter into or affect the judgment of this court in this situation. It must now be held, and we regret that it was not so held by this court at the first opportunity, that the language used in division 1 of that opinion is mere obiter dicta and has no binding effect on any court.

It is clearly not the fault of the trial judge that he erroneously instructed the jury on this question, because the language employed by him is almost identical with the language which we now hold is obiter dicta. The decision in *Danielly* v. *Colbert,* supra, was rendered on November 20, 1883, and in less than five months thereafter, on April 8, 1884, in *Sluder* v. *Bartlett,* 72 *Ga.* 463, the same

question was again decided by this court in a unanimous decision delivered by Mr. Justice Blandford, which we think correctly stated the rule as follows: "The fact that a purchaser had knowledge of the judgment against his vendor does not constitute the purchaser a wrong-doer; he is, notwithstanding this knowledge alone, a bona fide purchaser. Yet we think that this may be looked to, in connection with other facts, in determining whether the purchase be bona fide or not. . . Whatever may have been the rulings heretofore by a majority of the members of this court, we are unanimously agreed upon the proposition herein laid down, it being better that the law should be rendered certain, although it may be a bad law, than that it should be doubtful and uncertain, though it be a good law." The latter case being the oldest unanimous decision where the question was properly decided by this court, it is binding authority on the question, and must be followed, the correct rule being that such knowledge on the part of the purchaser is only a circumstance for the consideration of the jury, in connection with all the other evidence in the case, in determining whether or not the purchaser acted in good faith when he bought the property. See *Rodgers* v. *Elder,* 108 *Ga.* 22 (33 S. E. 662) ; *Reynolds* v. *Hardin,* supra.

It is true that under the statute (Code, § 110-511), a purchaser seeking the benefit and protection of the statute must prove three things: (1) that he acted in good faith; (2) that he paid a valuable consideration; and (3), in cases involving realty, that he has been in possession for four years. This places the burden of proof upon such purchaser to prove good faith, but it does not encumber him with the further burden of making this proof while bearing a badge of fraud solely because he purchased with knowledge of the existence of the lien. In the present case the claimant is entitled to undertake to carry the burden required of her by the statute, without the handicap which the charge placed on her by declaring that knowledge of the existence of the lien was prima facie evidence of bad faith or fraud; and it was error so to instruct the jury.

■ Since the evidence on another trial may not be the same, no ruling is made on the general grounds of the motion for a new trial, raising the question of the sufficiency of the evidence. The other special grounds are without merit.

*Judgment reversed. All the Justices concur.*