## CALHOUN *v.* WILLIAMSON.

DUCKWORTH, Presiding Justice. 1. Where one as transferee of a judgment and fi. fa. caused the execution to be levied on January 4, 1938, on a described interest in realty as that of the estate of the judgment debtor, then deceased, and as being in the possession of her named

husband as her sole heir at law, and on January 24, 1938, a claim to the property was filed by a third person, sister of the judgment debtor, the evidence on the trial of the case was sufficient to authorize the jury to find that the claimant had bona fide, for a valuable consideration, acquired title to such interest in the realty under a deed executed to her, on May 1, 1923, by the judgment debtor; and that, under such deed and other conveyances of interest in the property, had been in exclusive possession of such realty since that date; and that, since the levy was not made within four years after the claimant acquired title, the lien of the judgment had, under the Code, § 110-511, given in charge, been discharged; and, accordingly, to return a verdict finding the property not subject. This ruling also disposes, adversely to the movant, of a special ground of the motion for new trial involving the same question.

2. The testimony of the claimant as to transactions with the deceased judgment debtor from whom she acquired title for a valuable consideration was not inadmissible under the Code, § 38-1603 (1), the opposite party not being a person occupying any status therein named.

3. In testifying as to her exclusive possession—after her mother, as life tenant of the property involved, had deeded her interest to her two daughters, the claimant and her sister, remaindermen under the deed conveying title to the mother, and had surrendered possession, the sister later conveying all her interest to the claimant, who rendered services to the mother and the sister and ministered to their general health and welfare—the statement of the claimant, that she could have married but remained in the home to look after her aged mother and the sister, who was not strong, was not inadmissible as being prejudicial and tending to create sympathy for the claimant, but was illustrative of the fidelity with which she discharged her obligation, as part of the consideration for the deeds from the mother and the sister, in rendering the described services.

4. The court did not err in failing to charge without request that "transactions between near relatives to the prejudice of creditors are to be closely scanned and their bona fides established," no attempt having been made to set aside any deed to the claimant as fraudulently procured, and the evidence going only to the question of the consideration for the deed executed by the judgment debtor to her sister, the claimant.

*Judgment affirmed. All the Justices concur.*

No. 15682. JANUARY 8, 1947.

*Williams & Smith* and *Price & Spivey,* for plaintiff.