36968. BURKS *v.* TRUSTEES OF THE FIREMEN'S
PENSION FUND.

DECIDED FEBRUARY 5, 1958—<br>REHEARING DENIED FEBRUARY 27, 1958.

*Guy Parker, Harold Sheats,* for plaintiff in error.

*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robt. S. Wiggins, Ferrin Y. Matthews, Martin McFarland,* contra.

NICHOLS, Judge. In 1924 an act was passed which provided for pensions for firemen employed by the City of Atlanta (Ga. L. 1924, pp. 167-173), and thereafter this act was, on several occasions, amended. However, in dealing with the case here before this court for consideration, only two amendments need be considered, the act of 1931 (Ga. L. 1931, p. 223), and the act of 1935 (Ga. L. 1935, p. 450).

The act of 1931, supra, among other things, provided for pensions for widows of pensioners in stipulated amounts and the act of 1935, supra, among other things, reduced the amount of the pension to widows of firemen who had more than 20 and less than 25 years service with the department. The act of 1935, supra, was approved on March 28, 1935, and the widow in the present case did not become entitled to any benefit under the act of 1924, supra, as amended, until the death of her husband on September 18, 1935, approximately six months later.

In *Trotzier* v. *McElroy,* 182 *Ga.* 719, 725 (186 S. E. 817), it was held by the Supreme Court in a full-bench decision, that once a pensioner became, as a matter of right, entitled to a pension under such act, it was a vested right which could not be taken away, but that the pension was due only where "the contingency provided for has occurred before a change in the charter, ordinance, or statute under authority of which the pension was to be paid."

This court has not overlooked the decision of the Supreme Court in *Bender* v. *Anglin,* 207 *Ga.* 108 (60 S. E. 2d 756), in which

two Justices dissented, but is bound by the older full-bench decision in *Trotzier* v. *McElroy*, supra, for as Justice Duckworth said, speaking for the Supreme Court in *Hardin* v. *Reynolds*, 189 *Ga.* 589, 591 (6 S. E. 2d 913), "Under the rules of construction the oldest unanimous decision of this court is binding on all courts, including the Supreme Court."

In the present case the agreed stipulation of fact shows without dispute that the act of 1935, supra, was enacted prior to the time the contingency provided for (the death of Mrs. Burks' husband) occurred, and therefore, this court is bound to hold, under the decision of the Supreme Court in *Trotzier* v. *McElroy*, 182 Ga. 719, supra, that the petitioner is not entitled to the adjustment in her pension contended for and that the trial court did not err in affirming the decision of the board of trustees denying such adjustment.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*