A95A0738, A95A0953. ATLANTA COUNTRY CLUB, INC.
v. SMITH; and vice versa.
(458 SE2d 136)

BIRDSONG, Presiding Judge.

Following our grant of its application for interlocutory appeal, the Atlanta Country Club appeals the denial of its motion for summary judgment in this suit filed by former member Mark A. Smith III for damages for wrongful expulsion. Smith was expelled from membership in July 1989 on grounds he violated club by-laws by issuing three dishonored checks to the club in a 12-month period. Smith filed suit for injunction and damages on August 16, 1989. On August 21, 1989, he dismissed that suit without prejudice.

Smith filed the present suit in June 1993, seeking damages. The club, a nonprofit corporation, contends this suit is governed by OCGA § 14-3-621 (4), effective July 1991: "Any proceeding challenging an expulsion, suspension, or termination, including a proceeding in which defective notice is alleged, must be commenced within one year after the effective date of the expulsion, suspension or termination." *Held:*

1. The one-year statute of limitation for suits against nonprofit corporations for expulsion, suspension or termination of membership bars a suit filed in 1993 for a 1989 expulsion. Appellee had no vested rights in the procedure which existed prior to enactment of this statute in 1991. See *Hunter v. Johnson*, 259 Ga. 21 (3) (376 SE2d 371). This is not a "retroactive" application of the statute of limitation because the suit was filed after the effective date of the statutory amendment. *Mansfield v. Pannell*, 194 Ga. App. 549, 550 (390 SE2d 913).

Appellee contends, however, that the "renewal statute" allows refiling of a dismissed suit "within the original applicable period of limitations." OCGA § 9-2-61 (a). He contends OCGA § 9-2-61 establishes a vested right to renew his claims "within the [original] . . . statute of limitations" (id.) for his tort and breach of contract claims, those being four and six years. This contention takes the language of the statute out of context. OCGA § 9-2-61 (a) provides that a dismissed suit may be recommenced "either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." The term "original statute of limitations" thus refers to the statute of limitation which *normally* applies to a cause of action, as opposed to the extended right to file a renewal up to six months later. If an amended statute of limitation is applied to a cause of action, this becomes by operation of law the "original" statute of limitation within the meaning of OCGA § 9-2-61 (a). The term "original statute of limitations" in the renewal statute was not intended to repeal a statute of limitation which would otherwise apply, for the legislature could not have intended to give expanded rights to persons dismissing and refiling a suit which other plaintiffs do not have. The purpose of the renewal statute is to save a case from expiration of the statute of limitation if it was filed within the limitation and renewed within six months after expiration of the limitation. See *Chinn v. Maxwell*, 170 Ga. App. 85 (316 SE2d 546). The renewal statute does not change the legal statute of limitation; it merely treats a properly renewed action as standing on the same footing as to limitation with the original case. *Stevens v. Faa's Florist*, 169 Ga. App. 189 (311 SE2d 856). Because a plaintiff has no vested right in a statute of limitation which existed at the time of his alleged injury, as against a newly enacted limitation (*Hunter*, supra), he does not acquire one merely by virtue of having once filed a suit within the statute of limitation and dismissed it. The application of the one-year statute of limitation made July 1990 the expiration date of the "original" statute of limitation; because appellee had filed a suit within one year and dismissed it, he could have filed it again up to six months after July 1990, but this suit was filed in June 1993, three years and eleven months after he was expelled from the appellant nonprofit organiza-

tion, long after the new statute was enacted making the statute of limitation one year. The suit is barred.

It is thus unnecessary to address the parties' remaining contentions, except to note that disciplinary matters pertaining to members of nonprofit corporations proceed as a matter of contract to which the principles of constitutional law do not apply. See *Bartley v. Augusta Country Club*, 254 Ga. 144 (326 SE2d 442).

2. As to Smith's cross-appeal (A95A0953), since the Atlanta Country Club was entitled to summary judgment for expiration of the statute of limitation, Smith's contention that he was entitled to summary judgment on his claims is moot.

*Judgments reversed. Johnson and Smith, JJ., concur.*

DECIDED MAY 3, 1995 —
RECONSIDERATIONS DENIED JUNE 1, 1995 —

*Awtrey & Parker, Toby B. Prodgers,* for appellant.
*Mark A. Smith III,* pro se.