## A08A0885. HUGGINS v. POWELL et al.
### (667 SE2d 219)

MILLER, Judge.

Dorothy J. Huggins, the administrator of the estate of Vernon H. Powell, petitioned the Probate Court of Cobb County for leave to recover and sell the estate's real property. Following a hearing, the trial court denied the petition. Huggins appeals from the trial court's order denying her motion for a new trial and for amended and additional findings. We affirm for the reasons set forth below.

Vernon H. Powell died intestate on April 28, 1996. Upon his death, Powell owned an undivided 20 percent interest in certain Cobb County real property (the "Property"). On June 1, 2000, Powell's heirs at law conveyed their interest in the Property by warranty deeds to Hilltop Land Company, LLC. The Property was ultimately conveyed to J & A Group, Inc. on November 14, 2006.[1]

On January 31, 2007, the probate court appointed Huggins as administrator of Powell's estate. Huggins filed her petition "for leave to recover real property of the estate for the purpose of selling said real property" on February 26, 2007. At the hearing on the petition, Huggins pointed to evidence of record indicating that she is a judgment creditor of Powell's estate by virtue of an assignment to her of a Writ of Fieri Facias, issued June 2, 1981 in the State Court of Cobb County; that Powell owned an interest in the Property at his death; and to an admission by the defendants that there were no assets in the estate. The trial court denied the petition without making findings of fact or conclusions of law, and then denied Huggins' motion for a new trial and for amended or additional findings.

---

[1] Hilltop Land Company conveyed the Property to Harris Hilltop, LLC and Brannan Hilltop, LLC on November 1, 2001 and December 31, 2001; Harris Hilltop and Brannan Hilltop conveyed the Property to Double Feature, LLC, High Cotton Properties, LLC, and Turning the Tide, LLC on January 3, 2006; Double Feature, High Cotton Properties, and Turning the Tide conveyed the Property to J & A Group on November 14, 2006.

1. Huggins maintains that the trial court erred in failing to make findings of fact or conclusions of law in its order denying the petition, and in failing to make additional findings of fact or conclusions of law as requested in her motion for a new trial. We disagree.

OCGA § 9-11-52 (a) provides that "in all nonjury trials in courts of record, the court shall upon request of any party made prior to such ruling, find the facts specially and shall state separately its conclusions of law." Further, OCGA § 9-11-52 (c) provides, in applicable part, that "[u]pon motion made not later than 20 days after entry of judgment, the court may make or amend its findings or make additional findings and may amend the judgment accordingly." Since Huggins does not contend that she made a request prior to entry of judgment that the trial court make specific findings of fact and state separate conclusions of law, she does not demonstrate error by the trial court. See *Youngblood v. Youngblood*, 263 Ga. App. 820, 821 (2) (589 SE2d 602) (2003). "[U]nder § 9-11-52 (c), the trial court may or may not make findings if the initial request to do so is made after the entry of judgment." *Payson v. Payson*, 274 Ga. 231, 236 (2) (552 SE2d 839) (2001).

2. Huggins also fails to demonstrate that the trial court erred in denying her motion for a new trial. "The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them." (Citation and punctuation omitted.) *Vance v. Jackson*, 233 Ga. App. 480, 481 (1) (504 SE2d 529) (1998).

In her petition, Huggins asked that the trial court's order be considered for purposes of OCGA §§ 53-4-8, 53-4-9, and 53-4-10 (pre-1998 Probate Code),[2] "as an Order Granting Leave to Sell said real property, obtained after service on all heirs at law and parties in possession of said real property subsequent to the attempted conveyance by decedent's heirs at law." Huggins' counsel further represented to the trial court at the hearing that "this petition is in form and substance a leave to sell."

The requirements of an order for leave to sell real property of the estate for purposes of paying debts or distribution are set forth in OCGA § 53-8-23 (pre-1998 Probate Code). See *Wilcox v. Thomas*, 191 Ga. 319 (2) (12 SE2d 343) (1940). These requirements include that the administrator "shall, by written petition, apply to the judge of the probate court for leave to sell, setting forth in the petition the reason therefor; and notice of the same shall be published once a week for four weeks *before the hearing* in the newspaper in which county advertisements are published." (Emphasis supplied.) OCGA

---

[2] Since Powell died before the effective date of the 1998 Probate Code, the parties do not dispute that the pre-1998 Probate Code applies in this case. See OCGA § 53-1-1.

438

§ 53-8-23 (a). Huggins did not contend, either in the petition or at the hearing, that the newspaper publication requirement was met, nor does any copy of a published notification prior to the hearing appear in the record.

Huggins maintained at the hearing that she had complied with the notice contemplated by OCGA § 53-4-10 by giving personal notice of the hearing to the heirs and subsequent transferees of the Property. The fact that the heirs and transferees received personal notice is relevant to whether the order for sale, if issued, would constitute "conclusive evidence" for purposes of OCGA § 53-4-10 in an action by the administrator to recover real property of the estate. See, e.g., *Davis v. Howard*, 56 Ga. 430, 434-435 (1876) (discussing requirements of OCGA §§ 53-4-10 and 53-8-23, as then codified, and holding that an order of sale is conclusive in a subsequent action to recover land from heirs only if heirs received personal notice of order). Huggins apparently intended to attempt to use an order from the probate court as "conclusive evidence," as she had also instituted an action in superior court to recover the Property.[3] However, we cannot conclude that the personal notice to the heirs and transferees substitutes for the published notice contemplated by OCGA § 53-8-23, especially considering that "[t]he creditors [also] are entitled to notice of the intention to apply for leave to sell. . . ." *Powell v. Harrison*, 180 Ga. 197, 204 (178 SE 745) (1935). Furthermore, our Supreme Court has found that in the absence of publication of notice, the probate court has no authority to order a sale or distribution: "[t]he administrator is an agent with limited authority, and he can only acquire power to sell by complying with the requirements of the statute as to advertisement and citation. The court in turn only has authority to confer this power after such notice has been given." Id. at 205. The failure is jurisdictional, and an order to sell issued in violation of the publication requirement is void. See id.; *Hawkins v. Walker*, 158 Ga. App. 562, 563 (281 SE2d 311) (1981). Accordingly, although those defendants who appeared at the hearing did not specifically oppose the sale based on lack of publication, the evidence supports the trial court's denial of the petition.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 27, 2008.

---

[3] We note that, while an order of sale from the probate court may constitute conclusive evidence in an action by the administrator to recover possession of real property held adversely to the estate, as contemplated by OCGA § 53-4-10, such an order is not a prerequisite to the action. See *Hortman v. Vissage*, 191 Ga. 446, 450-451 (2) (12 SE2d 294) (1940).

*Browning & Smith, George T. Smith*, for appellant.

*Heyman & Sizemore, Jacqueline Marcucci, William B. Brown, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Morris, Manning & Martin, William J. Sheppard, Moore, Ingram, Johnson & Steele, Joyce W. Harper, Ballard, Stephenson & Waters, William M. Waters*, for appellees.