A08A1504. BENEKE v. PARKER et al.

(685 SE2d 479)

BLACKBURN, Presiding Judge.

In *Beneke v. Parker*,[1] the Supreme Court of Georgia affirmed in part and reversed in part the judgment of this Court in *Beneke v. Parker*.[2] Therefore, we vacate that portion of Division 1 of our opinion that the Supreme Court reversed and adopt the opinion of the Supreme Court as our own. The remainder of our opinion remains unchanged.

In doing so, we observe that the Supreme Court has emphasized in prior decisions that under OCGA § 16-2-1, "[f]or a violation of a statute to constitute a crime in Georgia, either criminal intention or criminal negligence must be present." *Chapman v. State*.[3] See *Daniels v. State*.[4] Yet in its opinion in *Beneke*, supra, the Supreme Court defined *all* misdemeanors as crimes, including *all* misdemeanors that are violations of the traffic code found in Chapter 6 of Title 40 of the Code of Georgia. Supra, 285 Ga. at 734. This appears to conflict with the various decisions of the Supreme Court and of this Court that have described motor vehicle safety statutes as imposing "strict criminal liability" because they "proscribe a particular act but make no reference to intent." *Daniels v. State*.[5] See *Walden v.*

---

[1] *Beneke v. Parker*, 285 Ga. 733 (684 SE2d 243) (2009).

[2] *Beneke v. Parker*, 293 Ga. App. 186 (667 SE2d 97) (2008).

[3] *Chapman v. State*, 266 Ga. 356, 358 (5) (467 SE2d 497) (1996).

[4] *Daniels v. State*, 264 Ga. 460, 464 (2) (b) (448 SE2d 185) (1994).

[5] *Daniels*, supra, 264 Ga. at 464 (2) (b), n. 4.

*State*[6] (convictions for violations of the Uniform Rules of the Road "require no proof of culpable criminal intent or criminal negligence"); *Augustin v. State*[7] ("violations of the offenses set forth in Title 40, Chapter 6, unless otherwise indicated, are strict liability offenses. As such, the State is not required to prove mental fault or mens rea in" the prosecution of such offenses). We cannot opine as to the effect the Supreme Court's *Beneke* opinion will have on future prosecutions of traffic offenses that were once considered strict liability offenses not requiring the showing of mens rea.

*Judgment affirmed. Miller, C. J., and Ellington, J., concur.*

DECIDED OCTOBER 22, 2009.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl*, for appellant.

*Phillips & Kitchings, Richard Phillips, Blacknall & Little, Willis H. Blacknall III*, for appellees.

---

[6] *Walden v. State*, 273 Ga. App. 707, 710-711 (1), n. 1 (616 SE2d 462) (2005).

[7] *Augustin v. State*, 260 Ga. App. 631, 633-634 (2) (580 SE2d 640) (2003).