A11A2228. HUGGINS v. POWELL et al.
A11A2229. CALLOWAY TITLE & ESCROW, LLC v. HUGGINS.

(726 SE2d 730)

PHIPPS, Presiding Judge.

Dorothy Huggins, individually and as administrator of an estate, filed suit against several individuals and corporations to recover certain real property which she contended belonged to the estate and had been fraudulently conveyed. Huggins also claimed she held a lien against the property and asserted that recovery of the property was necessary to pay debts of the insolvent estate, including her lien — which also, she alleged, may be satisfied by levy.

Three groups of defendants moved for summary judgment, and the trial court issued three separate orders — one in connection with the Hilltop defendants,[1] one in connection with the J & A defendants,[2] and one in connection with Calloway Title & Escrow, LLC. Finding that, among other things, the statute of limitation had expired, the trial court granted summary judgment to the Hilltop defendants; it denied summary judgment to Calloway, due to its failure to timely respond to requests for admissions which consequently were deemed admitted by operation of law and negatively impacted Calloway's standing on substantive fraud claims. As to the J & A defendants, the trial court granted summary judgment on various grounds, including the insufficiency of the evidence.

Huggins appeals the grant of summary judgment to the Hilltop defendants and the J & A defendants in Case No. A11A2228. And Calloway appeals the denial of his motion for summary judgment in Case No. A11A2229.

Because we agree that the evidence was insufficient to show a fraudulent conveyance by the J & A defendants, we affirm the grant of summary judgment to the J & A defendants (for the fraudulent conveyance claims) in Case No. A11A2228. Because the statute of limitation had expired, suit on the fraudulent conveyance claims was barred as to the Hilltop defendants and Calloway. Therefore, we affirm the trial court's grant of summary judgment to the Hilltop defendants (for the fraudulent conveyance claims) in Case No. A11A2228 and reverse the trial court's denial of summary judgment to Calloway in Case No. A11A2229. Because Huggins's individual claim for levy is

---

[1] The Hilltop defendants are Hilltop Land Company, LLC; Harris Hilltop, LLC; Brannan Hilltop, LLC; and T. Daniel Brannan.

[2] The J & A defendants are J & A Group, Inc.; Branch Banking & Trust Company (BB & T); Double Feature, LLC; High Cotton Properties, LLC; and Turning the Tide, LLC.

a matter for a jury to determine, we reverse the trial court's grant of summary judgment to the defendants on that claim in Case No. A11A2228.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] "In our de novo review of the grant [or denial] of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[4]

This is the second appearance of this case before this court. On the first appearance,[5] we reviewed the decision of a probate court which, on February 26, 2007, denied Huggins's petition which was "in form and substance a leave to sell" real property of the estate.[6] We affirmed the probate court's denial of a motion for new trial because of Huggins's failure, pursuant to the applicable statute, to satisfy the requisite notice provisions.[7]

The matter presently before this court for review is a superior court action wherein Huggins contended that the chain of title and conveyances of the property at issue were as follows. Vernon H. Powell died intestate on April 28, 1996. Upon his death, Powell owned an undivided 20 percent interest in certain real property. On June 1, 2000, Powell's heirs at law[8] conveyed their interest in the property by warranty deeds to Hilltop Land Company, LLC. On November 1, 2001 and December 31, 2001, Hilltop Land Company conveyed the property to Harris Hilltop, LLC and Brannan Hilltop, LLC. On January 3, 2006, Harris Hilltop and Brannan Hilltop conveyed the property to Double Feature, LLC, High Cotton Properties, LLC, and Turning the Tide, LLC, which on November 14, 2006, conveyed the property to J & A Group, Inc. Huggins contended that despite knowing about her lien on the property, Calloway Title & Escrow, LLC "issued title insurance policies [to Hilltop Land

---

[3] OCGA § 9-11-56 (c).

[4] *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted); *Norton v. Budget Rent A Car System*, 307 Ga. App. 501 (705 SE2d 305) (2010) (we review the denial of summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party).

[5] *Huggins v. Powell*, 293 Ga. App. 436 (667 SE2d 219) (2008).

[6] Id. at 437 (2).

[7] Id. at 437-438 (2).

[8] In her complaint, Huggins listed the decedent's heirs at law, against whom suit was filed, as: Virginia R. Powell, Elaine Powell Hardman, Marcus Henry Powell, Lynne Powell Ingram n/k/a Virginia L. Burnette, and Carol Powell n/k/a Carole Sorrells.

Company] omitting any reference to the known judgment lien[ ] against the estate of" the decedent. On January 31, 2007, the probate court appointed Huggins as administrator of Vernon Powell's estate.

On May 30, 2007, Huggins filed a complaint to recover the property and alleged, among other things:

> None of the Decedent's Heirs at law, or any party dealing with the hereinafter described Property subsequent to the death of the Decedent, has ever notified the known judgment creditors of Decedent's Estate, as to any of the following: (1) the death of Decedent, (2) the attempt by Decedent's heirs at Law, to dispense with Administration of the unrepresented Estate without paying the debts of the Estate, (3) the attempted conveyance of the property of the Estate by Decedent's Heirs at Law, without first paying the debts of the Estate, or (4) the attempt to convey the property of the Estate without paying the liens appearing of record in the chain of title [sic] to the property.

1. Contending that she had a vested right to application of a seven-year statute of limitation in effect prior to the enactment of OCGA § 18-2-79, effective July 1, 2002, which provides a four-year statute of limitation (for actions involving the fraudulent conveyance of real property), Huggins argues that application of the four-year statute of limitation to her case violates the constitutional prohibition against retroactive laws.[9] Although we agree that the substantive law at the time of the occurrence giving rise to the suit applies,[10] we do not agree that the procedural law at the time of the occurrence is applicable.

In support of her contention, Huggins points to *Bank of Norman Park v. Colquitt County*[11] for the proposition that "[l]aws prescribe only for the future. Retrospective statutes are forbidden by the first principles of justice. The settled rule for the construction of statutes is not to give them retrospective operation, unless the language so imperatively requires."[12] But that proposition does not apply to this

---

[9] See Ga. Const. 1983, Art. I, Sec. I, Par. X.
[10] *Chepstow Ltd. v. Hunt*, 381 F3d 1077, 1084 (III) (A) (11th Cir. 2004) (under Georgia law, if a right is substantive and it is vested, it cannot be extinguished).
[11] 169 Ga. 534 (150 SE 841) (1929).
[12] Id. at 536 (citations omitted).

case, as the law that changed in that case was substantive;[13] it comprised "an essential element of the obligation of the contract," concerning the priority of payment of claims against an insolvent bank.[14] The law applicable to this case is that

> (w)here a statute governs only procedure of the courts, . . . it is to be given retroactive effect absent an expressed contrary intention. . . . The presumption against a retrospective construction has no application to enactments which affect only the procedure and practice of the courts, even where the alteration which the statutes make has been disadvantageous to one of the parties.[15]

"Statutes of limitation look only to the remedy and so are procedural."[16] "Where the new statute of limitation is in effect at the time the action was filed, there is no question of retroactivity. . . ."[17] "There is no vested right in a statute of limitation. . . ."[18] "Georgia statutes addressing procedural and remedial rights may be retroactively applied."[19]

In *Atlanta Country Club v. Smith*,[20] an expelled country club member filed suit for an injunction and damages, under claims for tort and breach of contract, for his alleged wrongful expulsion from the club.[21] He commenced his initial suit, which carried four- and six-year statutes of limitation, the same year he was expelled, but soon thereafter he dismissed the case.[22] Three years and eleven months later, he refiled suit.[23] But between the time he had dismissed his prior suit and the time he recommenced the action, a new statute of limitation was enacted, which provided: "Any proceeding challenging an expulsion, suspension, or termination, including a proceeding

---

[13] See *Mason v. Home Depot U. S. A.*, 283 Ga. 271, 278 (4) (658 SE2d 603) (2008) (substantive law creates rights, duties, and obligations while a procedural law prescribes the methods of enforcing those rights, duties, and obligations).

[14] *Bank of Norman Park*, supra at 536-537.

[15] *Mason*, supra (citations and punctuation omitted).

[16] *Hunter v. Johnson*, 259 Ga. 21, 22 (1) (376 SE2d 371) (1989) (citations omitted).

[17] *Beneke v. Parker*, 293 Ga. App. 186, 191 (2) (667 SE2d 97) (2008) (affirmed in part and reversed in part on other grounds, *Beneke v. Parker*, 300 Ga. App. 576 (685 SE2d 479) (2009)), citing *Hunter*, supra at 22 (3).

[18] *Vaughn v. Vulcan Materials Co.*, 266 Ga. 163, 164 (1) (465 SE2d 661) (1996); *Hunter*, supra at 22 (2), n. 2.

[19] *Chepstow*, supra at 1086 (III) (B) (citations omitted).

[20] 217 Ga. App. 515 (458 SE2d 136) (1995).

[21] Id. at 515-516 (1).

[22] Id.

[23] Id. at 516 (1).

in which defective notice is alleged, must be commenced within one year after the effective date of the expulsion, suspension or termination."[24] We held that "[b]ecause a plaintiff has no vested right in a statute of limitation which existed at the time of his alleged injury, as against a newly enacted limitation . . . he does not acquire one merely by virtue of having once filed a suit within the statute of limitation and dismissed it."[25] The newly enacted one-year statute of limitation applied, and because the plaintiff refiled suit three years and eleven months after he was expelled from the country club, long after the new statute was enacted making the statute of limitation one year, the suit was barred.[26]

Prior to the 2002 enactment of the Uniform Fraudulent Transfers Act (UFTA),[27] when fraud in the procurement of title to land was claimed, it was so claimed under OCGA § 18-2-22 and the applicable statute of limitation within which to commence an action was seven years after discovery of fraud.[28] Under the UFTA, it is four years after the transfer was made or the obligation was incurred (or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant).[29] Here, Huggins contended that the first alleged fraudulent transfer of the property occurred in June 2000, when Calloway issued title insurance to Hilltop Land Company for the purchase of the property. At that time, the statute of limitation was seven years. When Huggins filed suit nearly seven years later, in May 2007, however, the newly enacted statute of limitation (under UFTA) had already been in effect for approximately three years. Consequently, the trial court ruled properly that the claims for fraudulent conveyance in Huggins's suit were time-barred.

---

[24] Id. at 515.

[25] Id. at 516 (1).

[26] Id. at 516-517 (1).

[27] The UFTA was enacted by Ga. L. 2002, p. 141, effective July 1, 2002; § 2 of the act states that OCGA § 18-2-22, "is amended . . . by striking Code Section[ ] 18-2-22, relating to conveyances by debtors deemed fraudulent, . . . and inserting in lieu thereof the following: '18-2-22. [striking through all of the language in former OCGA § 18-2-22] Reserved. . . .'" New language used in the UFTA, which is now, in part, codified in OCGA § 18-2-74, replaces that previously found in OCGA § 18-2-22. Also, the preamble included among the purposes of the act: "To amend . . . the Official Code of Georgia Annotated, relating to specific periods of limitations . . ." and to "repeal conflicting laws." Section 4 of the act also states that "[a]ll laws and parts of laws in conflict with this Act are repealed."

[28] *Lanier v. Anthony*, 261 Ga. App. 848, 852 (1), n. 8 (583 SE2d 893) (2003); *Kipperman v. Onex Corp.*, 411 BR 805, 827 (N.D. Ga. 2009) ("Georgia prohibits fraudulent transfers which occurred prior to July 1, 2002, under OCGA § 18-2-22, and transfers which occurred after July 1, 2002, under the Uniform Fraudulent Transfer[s] Act codified in OCGA §§ 18-2-70, et seq." (citation and footnote omitted)).

[29] OCGA §§ 18-2-74 (a) (1); 18-2-79 (1).

The evidence showed that Huggins also failed to avail herself of the one-year statute of limitation effective upon discovery of the alleged fraud. Huggins admitted that as early as November 14, 2005, she was aware of alleged fraudulent conveyance of the property and at that time, her attorney wrote a letter to Brannan, in his capacity as registered agent for Hilltop Land Company, Harris Hilltop LLC, and Brannan Hilltop LLC, to notify those parties of her lien against the property. Still, Huggins failed to file suit by November 14, 2006.

Accordingly, there being no genuine issue as to any material fact and the moving party being entitled to a judgment as a matter of law, the trial court properly granted summary judgment to the Hilltop defendants on Huggins's claims for fraudulent conveyance, in Case No. A11A2228.[30] Because the fraudulent conveyance claims were barred by the statute of limitation, Calloway's failure to respond to Huggins's requests for admissions was of no consequence, and the trial court's denial of summary judgment to Calloway, in Case No. A11A2229, is reversed.

Because the Hilltop defendants and Calloway were entitled to summary judgment on statute of limitation grounds, we need not address the trial court's ruling on the merits of Huggins's fraudulent conveyance claims.[31]

2. Concerning any claim for fraudulent conveyance of the property by the J & A defendants, Huggins asserted none. Rather, as to the J & A defendants, Huggins alleged that J & A held title to the property at the time suit was filed and claimed merely that she was entitled to recover the property from J & A and to set aside the lien held by BB & T. As to Double Feature, LLC, High Cotton Properties, LLC, and Turning the Tide, LLC, in her amended complaint, Huggins acknowledged that these parties denied any knowledge of her lien on the property at the time they purchased it in January 2006 and that, therefore:

Absent any testimony to the contrary, it must be concluded that prior to the conveyance, no one disclosed the existence of the Writ, as constituting a lien on the Property, to: (1) the closing attorney . . . or (2) purchasers Double Feature, LLC, High Cotton Properties, LLC and/or Turning the Tide, LLC, despite the following parties' knowledge and affirmative duty to disclose the existence of the Writ, as constituting a

[30] *Atlanta Country Club,* supra.

[31] See *Black Island Homeowners Assn. v. Marra,* 263 Ga. App. 559, 563 (2), n. 12 (588 SE2d 250) (2003), citing *Gober v. Nisbet,* 186 Ga. App. 264, 266 (2) (367 SE2d 68) (1988).

lien on the Property: 1. Attorney T. Daniel Brannan 2. Dr. Thomas A. Harris, MD.

Consequently, based on the allegations of Huggins's complaint, no cause of action was asserted for fraudulent conveyance of the property by the J & A defendants. And Huggins points to no evidence giving rise to a fraudulent conveyance cause of action against the J & A defendants. Notwithstanding the trial court ruled for reasons different than herein stated[32] that the evidence was insufficient to show a fraudulent conveyance, there being no genuine issue as to any material fact and the moving party being entitled to a judgment as a matter of law, the trial court properly granted summary judgment to the J & A defendants concerning the alleged fraudulent conveyance of the property, in Case No. A11A2228.

3. Huggins contends the trial court erred in granting summary judgment to the Hilltop defendants and the J & A defendants on the claims she brought in her individual capacity as a judgment creditor of the deceased, seeking to levy on the property. We agree.

OCGA § 9-12-93 provides:

> When any person has bona fide and for a valuable consideration purchased real or personal property and has been in the possession of the real property for four years or of the personal property for two years, such property shall be discharged from the lien of any judgment against the person from whom it was purchased or against any predecessor in title of real or personal property. Nothing contained herein shall be construed to otherwise affect the validity or enforceability of such judgment, except to discharge such property from any such lien of judgment.

"[A] purchaser seeking the benefit and protection of the statute must prove three things: (1) that he acted in good faith; (2) that he paid a valuable consideration; and (3), in cases involving realty, that he has been in possession for four years."[33]

> The fact that a purchaser had knowledge of [a] judgment against his vendor does not constitute the purchaser a wrong-doer; he is, notwithstanding this knowledge alone, a

---

[32] See *Albertson v. City of Jesup*, 312 Ga. App. 246, 248 (1) (718 SE2d 4) (2011) (where grant of summary judgment was affirmed for a reason different than the reason found by the trial court; relying on the rule that summary judgment may be affirmed if it is right for any reason).

[33] *Hardin v. Reynolds*, 189 Ga. 589, 592 (1) (6 SE2d 913) (1940).

bona fide purchaser. Yet we think that this may be looked to, in connection with other facts, in determining whether the purchase be bona fide or not. . . . [K]nowledge on the part of the purchaser is only a circumstance for the consideration of the *jury*, in connection with all the other evidence in the case, in determining whether or not the purchaser acted in good faith when he bought the property.[34]

The burden of proof is placed upon the purchaser to prove good faith, "but it does not encumber him with the further burden of making this proof while bearing a badge of fraud solely because he purchased with knowledge of the existence of the lien."[35]

Huggins alleged that she obtained a lien on the property "by virtue of being the true and lawful holder of the Writ of Fieri Facias . . . against [decedent] issued June 2, 1981. . . ." The writ, Huggins contended, had been assigned to her by the original holder. A prior attempt to transfer the property, subject to the writ, had been set aside. The Hilltop defendants argue that although "Hilltop Land was on notice of the existence of the Set Aside Judgment at the time it purchased the [property], Hilltop Land was unable to get any information from [decedent's] heirs regarding any debt owed by [decedent]," and thus the trial court ruled properly that they were bona fide purchasers of the property. Calloway contends that it "missed any record of the 1981 Judgment." At the time suit was filed, J & A held title to the property.

The evidence showed that Harris Hilltop, LLC and Brannan Hilltop, LLC possessed the property for more than four years (from 2001 to 2006). And the parties do not dispute that *some* consideration was paid for the property — rather, they dispute whether it was *valuable* consideration, which, too, is a jury determination.[36] Accordingly, because the elements of good faith and valuable consideration are issues for the jury in connection with all the other evidence in the case, the trial court erred in granting summary judgment to the Hilltop defendants and to the J & A defendants on the claims brought in Huggins's individual capacity as a judgment creditor of the estate, seeking to levy on the property, in Case No. A11A2228.[37] That ruling is reversed.

---

[34] Id. (citation omitted; emphasis supplied).

[35] Id.

[36] See *Calhoun v. Williamson*, 201 Ga. 759 (41 SE2d 146) (1947); *Farmers & Nat. Bank v. Cook*, 166 Ga. 322 (143 SE 385) (1928).

[37] *Calhoun*, supra; *Farmers & Nat. Bank*, supra; *Hardin*, supra.

*Judgment affirmed in part and reversed in part in Case No. A11A2228. Judgment reversed in Case No. A11A2229. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 28, 2012 —
RECONSIDERATION DENIED APRIL 12, 2012.

*Jeff F. Hollis*, for appellant.
*Ballard, Stephenson & Waters, William M. Waters, James, Bates, Pope & Spivey, William J. Sheppard, Moore, Ingram, Johnson & Steele, Joyce W. Harper, Heyman & Sizemore, William B. Brown, Jacqueline Marcucci, Hawkins, Parnell, Thackston & Young, Christine L. Mast, Matthew G. McLaughlin*, for appellees.