**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten days
of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 22, 2018**

# In the Court of Appeals of Georgia

A17A1517. SWALLOWS et al. v. ADAMS-PICKETT et al.

MERCIER, Judge.

Blake Swallows, a minor, by and through his parents and next friends Kristina Swallows and Kenneth Swallows (collectively the Swallows), filed a medical malpractice lawsuit against Donna Adams-Pickett, M. D., Doctors Hospital of Augusta, and Augusta Women's Health and Wellness Center. The Swallows thereafter amended their complaint to include Kristina and Kenneth Swallows's individual claims for damages. The defendants moved for partial summary judgment, which the trial court granted, stating that all claims for damages that Kristina and Kenneth Swallows incurred on behalf of Blake Swallows were barred by the applicable statute of limitation. The Swallows appeal the trial court's order granting partial summary judgment to the defendants.

1. Blake Swallows was born on October 25, 2011, and the Swallows allege in their complaint that Blake suffered a left brachial plexus injury during delivery, which caused "a permanent injury to his left arm." Blake Swallows was delivered by Dr. Adams-Pickett at the Doctors Hospital of Augusta. On February 10, 2015, when Blake Swallows was three years and three months old, the Swallows filed a complaint contending that the defendants collectively acted negligently, and seeking damages for the "Plaintiff," including: permanent injury; past and future surgeries; past and future medical treatment; past and future medical expenses; pain and suffering; emotional distress; loss of enjoyment of life; "[l]oss of income to care for Blake Swallows full-time"; therapy seven days per week; and Blake Swallows's future loss of income.

The defendants moved for partial summary judgment on July 12, 2016, on the claims for Blake Swallows's medical, maintenance, protection and education expenses before he reached the age of 18 and all claims of Kristina and Kenneth Swallows. Thereafter, on September 19, 2016, the Swallows amended their complaint to include claims for damages suffered by Kristina and Kenneth Swallows.

2. The only enumerated error is whether the trial court erred by holding that the claims of Kristina and Kenneth Swallows are barred by the statute of limitation. "Whether a cause of action is barred by the statute of limitation generally is a mixed

question of law and fact, but the question is one of law for the court when the facts are not disputed. The plaintiff bears the burden of establishing that a statute of limitation has been tolled." *Harrison v. McAfee*, 338 Ga. App. 393, 395 (2) (788 SE2d 872) (2016) (citations omitted). We review a grant of summary judgment de novo. See *Huggins v. Powell*, 315 Ga. App. 599, 600 (726 SE2d 730) (2012).

3. OCGA § 9-3-71 (a) provides that absent an exception, "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-73 (b) carves out an exception for minors younger than the age of five years, stating that "[a] minor who has not attained the age of five years shall have two years from the date of such minor's fifth birthday within which to bring a medical malpractice action if the cause of action arose before such minor attained the age of five years."

It is widely accepted that "the right to recover damages for a child's medical expenses vests solely in the child's parents, while the right to recover damages for pain and suffering vests in the child, not the parent." *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 143 (3) (589 SE2d 711) (2003) (footnote omitted); see also OCGA § 19-7-2; *Wilson v. Obstetrics & Gynecology of Atlanta, P. C.*, 304 Ga. App. 300, 308 (3) (696 SE2d 339) (2010) ("[u]nder OCGA § 19-7-2, parents are responsible for

3

medical expenses incurred in the treatment of their minor children. Because parents have this responsibility, the right to recover damages for medical expenses incurred in such treatment is vested exclusively in a minor child's parents.")

The crux of the issue in this appeal is whether the exception to the general medical malpractice statute of limitation provided in OCGA § 9-3-73 (b) for minors also provides an extension for the claims of the minor's parents. A literal reading of the statute reveals that the relevant exception in OCGA § 9-3-73 (b) only applies to "[a] minor", and no exception is listed for the parents' claims for their minor child. The Swallows seek to have this Court interpret OCGA § 9-3-73 (b) to allow the minor's parents to similarly bring their claim, along with their minor child's claim, within two years of the child's fifth birthday. Specifically the Swallows state that, despite its plain language, OCGA § 9-3-73 (b) must be read as "[t]he parents of a minor . . ."

"A statute draws its meaning, of course, from its text." *Patton v. Vanterpool*, 302 Ga. 253, 254 (806 SE2d 493) (2017) (citation omitted). In interpreting Georgia code provisions,

> we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and

4

ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.

If the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning is at an end.

*Nguyen v. Southwestern Emergency Physicians, P.C.*, 298 Ga. 75, 78-79 (2) (a) (779 SE2d 334) (2015) (citation and punctuation omitted). "It is well settled that where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Harrison*, supra at 397 (2) (b) (citation omitted).

The text of OCGA § 9-3-73 (b) is clear and unambiguous. The five-year statute of limitation extension applies to the minor's claims, such as for the child's pain and suffering. There is no extension in the cited statute for the parents' claims. Therefore, any of Kristina and Kenneth Swallows's claims for damages for their minor child's medical expenses, and the parents' ancillary claims such as their own loss of income, are subject to the two-year statute of limitation applicable to medical malpractice actions generally. See *Grange Mut. Cas. Co.*, supra at 143 (3). As the statute is clear

5

and unambiguous, our search for statutory meaning ends.[1] *See Patton,* supra at 254. We find that reading the parents' claims into the five-year statute of limitation extension would be contrary to the plain language of OCGA § 9-3-73 (b). Therefore, as the parents' claims were not filed within the time prescribed by § 9-3-71 (a), the trial court correctly found that the individual claims of Kristina Swallows and Kenneth Swallows were time-barred. See generally *Crowe v. Humana, Inc.,* 263 Ga. 833, 834 (1) (439 SE2d 654) (1994).

4. The Swallows also seek to have their amended complaint, and consequently the claims asserted in their individual capacities, relate back to the filing of the original complaint. OCGA § 9-11-15 (c) provides that "[w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates

---

[1] We are aware of the practical implications of a plain language reading of OCGA § 9-3-73 (b) in medical malpractice cases in which both the parents and the minor have claims. However "our decision does not rest on the relative policy merits of one construction over another. When statutory language is clear, it is the sole evidence of the ultimate legislative intent." *Harrison*, supra at 400 (2) (b) (citation and punctuation omitted). "As [the Supreme Court] [has] said before, courts cannot construe statutes to force an outcome that the legislature did not expressly authorize." *Patton*, supra at n. 9 (citation and punctuation omitted). "[A]ny undesirable result is a matter properly addressed by the General Assembly rather than the courts." *Harrison*, supra at 402 (3) (citation omitted).

back to the date of the original pleading." Therefore, pursuant to OCGA § 9-11-15 (c), the Swallows's amended complaint, filed on September 19, 2016, relates back to the filing date of their original complaint, February 10, 2015. However, as the claims of Kristina and Kenneth Swallows were subject to the two-year general medical malpractice statute of limitation pursuant to OCGA § 9-3-71, as discussed in Division 3, they had until October 25, 2013 to file a lawsuit for their individual claims. The Swallows's original complaint in the underlying lawsuit was filed more than a year after the expiration of the applicable two-year statute of limitation. As the statute of limitation for the individual claims of Kristina and Kenneth Swallows had already expired on the filing date of the original complaint, OCGA § 9-11-15 (c) cannot revive the claims made in the amended complaint.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*